258 P.2d 421

**FERGUSON et al. v. SUPERIOR COURT OF MARICOPA COUNTY et al.**

No. 5767.

Supreme Court of Arizona.

June 8, 1953.

32

Darrel G. Brown, of Tucson, Harmon S. Puckett and A. C. Netherlin, of Ajo, for petitioners.

Walton & Walton, of Phoenix, for respondents.

WINDES, Justice.

Petition for writ of prohibition. Respondents, Superior Court of Maricopa County and the Judge thereof, under the assumed authority conferred by section 53–1416(3), Cum.Supp., A.C.A.1939, in cause No. 72629, appointed one Wildman conservator of Sonoita Gold Mining Co., S. A. de C. V., and pursuant to such appointment Wildman took possession of the property of the company. Petitioners claim the said section of the code is unconstitutional, and in their petition for the writ allege that petitioners E. J. Ferguson and W. C. Sebring, Jr., are judgment creditors of the company and petitioner McConnaughey as a creditor has submitted a claim to the conservator for payment; that the conservator is proceeding with the administration of the properties, arbitrarily paying some creditors and refusing to pay the claims of petitioners; that petitioners have, under the judgments of Ferguson and Sebring, Jr., garnisheed the funds and the property in the hands of the conservator, the conservator answering that he holds such property in custodia legis. Sebring, Jr. was a party in the conservatorship proceeding, and upon his motion the matter was dismissed as to him. We issued an alternative writ of prohibition requiring the court and the judge thereof to refrain from further proceed-

ing in the action until further order of the court. Respondents move to quash the alternative writ and by way of response admit that the conservator took and has possession of the property and that under the supervision of the court he has been administering the same. They allege that any distribution of the property will be made at a time and place known to the petitioners without prejudice to their rights, if any; that the conservatorship has been allowed to proceed for the sole purpose of protecting the impounded property, and that there is pending in the cause a petition for the appointment of a receiver.

Respondents inferentially concede that section 53–1416(3), supra, is not constitutional, but contend that the same is constitutional as amended by an emergency act (which went into effect March 26, 1953) passed by the Twenty-first Legislature. Chapter 65, First Regular Session, Twenty-first Legislature. This amendment cannot strengthen the position of the respondents. Assuming the unconstitutionality of the section before amended, the court had no power to appoint a conservator and permit him to take possession of the company's properties. Respondents say that the amendment is retrospective and would have the effect of validating the original appointment for the reason that it is only remedial in character. It is true the general rule is that the legislature may enact retrospective legislation affecting only remedies or proceedings for the enforce-

34

ment of existing rights, when it does not disturb vested rights. 16 C. J. S., Constitutional Law, § 418. But the legislature cannot by a curative act validate proceedings that are entirely void for lack of jurisdictional power to perform the act attempted to be validated. It cannot by legislative decree impregnate with validity a void judicial act. Addison v. Fleenor, 65 Wyo. 119, 196 P.2d 991. Horton v. Carter, 253 Ala. 325, 45 So.2d 10. Ward v. Howard, 217 N.C. 201, 7 S.E.2d 625.

 Respondents assert that a receivership has been applied for in this proceeding and that a receiver will no doubt be appointed. This cannot purify the past illegal proceeding. A receivership must be anchored to something. Generally it is only authorized as ancillary relief in a suit over which the court has jurisdiction. It is possible that a receivership may be allowed as an independent remedy by a specific statute, but to allow such here, we must assume the constitutionality of the same statute under which the appointment of the conservator was made. The statute, which must be considered as the foundation of the right to the receivership, having fallen, the only other authority under which the court might act is section 22–301, A.C.A.1939, and therein there must be a pending action, which is legally impossible under a void proceeding.

 It is alleged that petitioners have an adequate remedy at law. We cannot agree. They claim to be creditors and there is no way in which they can enforce whatever rights they have against the property of the debtor so long as the court retains control over the same under the purported conservatorship.

 The condition in which the trial court finds itself under the principles herein announced is that it has, without jurisdiction, appointed the so-called conservator and turned over to him certain properties of the company. Common justice demands that so far as possible the property should be restored to its legal position prior to the appointment. Where a court in the erroneous exercise of assumed jurisdiction acquires the custody of properties, it has the inherent power as a court of equity to take the required steps for the protection of such properties and the owners thereof. If such protection cannot be accomplished by inaction, it is the court's duty to take such action as is necessary and expedient to counteract any injustice which would otherwise result from having illegally assumed control of the property. It may do that which is essential to correct what it had no authority to do in the first instance. Doggett v. Johnson, 79 Mont. 499, 257 P. 267, 268. This was a case where a receiver appointed by a court without jurisdiction had acquired control over accumulated funds. The Montana court expressed the principle in this language:

"Nevertheless it has been generally held that, where a court has erroneously exercised jurisdiction which it did not possess, it has power to correct any wrong which may have resulted from such improper action by undoing what was done, so long as the subject of the controversy is in its custody and the parties are before it. * * *"

In American Constitution Fire Assur. Co. v. O'Malley, 342 Mo. 139, 113 S.W.2d 795, 804, is found an excellent expression of the power of the court to act under these circumstances:

"Although the impounded fund was accumulated without authority of law, and in a cause of which the court did not have jurisdiction, yet, since the court has the fund in its custody, it is its duty to protect it and see that it reaches the rightful custodian thereof."

It is ordered that the alternative writ be amended restraining respondents from taking any further proceedings in this action except such as are necessary to preserve the properties now in its custody, to discover those entitled thereto, and to make restitution so far as legally possible; and as so amended, it is ordered that the alternative writ be made permanent.

STANFORD, C. J., and PHELPS, LA PRADE and UDALL, JJ., concur.