633 P.2d 450

**ORACLE SCHOOL DISTRICT NO. 2, a body politic; and Members of the Board of Trustees, Hershel Brisby, Elizabeth Prichard, James Caffall, Anne Blomquist, and Tom Fredrick; and Jack Harmon, Superintendent, Plaintiffs/Appellants,**

**v.**

**MAMMOTH HIGH SCHOOL DISTRICT NO. 88, and Mammoth School District No. 8, a body politic and Members of the Board of Education, Robert Hockett, John Dicus, H. (PAT) Harris, Virgil Mercer, and William Wood; and Joel Tudor, Superintendent; and Sherry Ferguson, Pinal County School Superintendent, Defendants/Appellees.**

No. 2 CA–CIV 3816.

Court of Appeals of Arizona, Division 2.

June 29, 1981.

Rehearing Denied July 22, 1981.

Review Denied Sept. 15, 1981.

42

Rubin Salter, Jr., Tucson, for plaintiffs/appellants.

DeConcini, McDonald, Brammer Yetwin & Lacy, P.C. by John R. McDonald and Richard L. Barnes, Tucson, for defendants/appellees.

OPINION

BIRDSALL, Judge.

This is an appeal from an order granting appellees' motion to dismiss appellants' complaint. Counts One and Two of the complaint were dismissed for failure to state a claim for relief. A third count was dismissed for failure to join an indispensable party and the dismissal of that count is not an issue on appeal since appellants conceded its merit in the trial court.

We will assume the truth of all facts which are stated in the complaint. A motion to dismiss for failure to state a claim for relief should not be granted unless it appears that a plaintiff will not be entitled to relief under any state of facts susceptible of proof under the pleading. *See Guerrero v. Copper Queen Hospital,* 112 Ariz. 104, 537 P.2d 1329 (1975).

According to the complaint the then acting school board for appellants and appellees agreed that if appellants would acquiesce in a school redistricting whereby certain extremely valuable taxable properties would be transferred from appellants' district into appellees', appellees would not thereafter charge tuition for high school students residing in appellants' district who attended appellees' high school.

The complaint further alleges that the redistricting was effected and from 1953 to 1975 the tuition was not charged. Since 1975, in accordance with a subsequent agreement, no tuition was charged but appellants forwarded to appellees the amount of state aid received for those high school

students attending appellees' high school. In 1980, appellees requested, for the first time, tuition payments for the subject students.

The complaint further alleges that appellants justifiably relied to their detriment and that appellees' intended appellants would rely and knew that they would so rely. Further, that appellees are estopped from denying the existence or validity of the agreement and have waived the same. The complaint alleges laches precluding appellees from asserting the non-existence or invalidity of the contract.

Count Two of the complaint alleges that the 1975 agreement created a novation separate and apart from the 1953 contract and that an implied in fact contract was created based on the parties' prior course of dealing.

The complaint sought an injunction and declaratory judgment that the agreements were binding and valid.

■ We believe one finding is dispositive of this appeal. The appellee school board had no power to enter into the alleged agreement which gave up the right to receive tuition for those high school students attending from without the district.

■ Article 11, Section 1 of the Arizona Constitution required the legislature to "enact such laws as shall provide for the establishment and maintenance of . . . common schools, high schools . . . and a university". Title 15, A.R.S., contains the legislative enactments carrying out this duty. School districts are a legislative creation having only such power as is granted to them by the legislature. *See School District No. 69 v. Altherr*, 10 Ariz.App. 333, 458 P.2d 537 (1969). A board or commission which is a creation of a statute created for a special purpose has only limited powers and it can exercise no powers which are not expressly or impliedly granted. *See Olmsted & Gillelen v. Hesla*, 24 Ariz. 546, 211 P. 589 (1922). Not only is the authority to

enter into an agreement such as we have here not contained within any express or implied power granted by the legislature, the statutes impliedly prohibit such an agreement. Arizona Code Annotated § 54–908 (1939), the statute applicable at the time the parties entered into the agreement, provided in part:

"Non-resident pupils of school age, otherwise qualified, residing in the county in which there is a high school, but in a district having no high school, nor a school wherein high school subjects are taught, shall be admitted to such high school on the same conditions as residents, upon paying a reasonable fee for each pupil to be fixed by the board in charge of the high school, not to exceed, however, such amount as would equal the average cost per pupil of the high schools of the county after deducting the amount received from the state and county, such payment to be made monthly. Said tuition shall be a legal charge against the school district in which said non-resident pupil resides, and levied and collected in the same manner as other school taxes, and shall be paid by said district out of the funds of such district upon presentation to the clerk of such district of a statement."

This requirement for the collection of tuition and that it be paid in the form of money is mandatory.[1] *Cf. Board of Trustees of Mary E. Dill School Dist. No. 51 v. Board of Education of Sahuarita High School Dist. No. 30*, 19 Ariz.App. 323, 506 P.2d 1108 (1973) (held that a school district without a high school is required to pay tuition for a resident student attending high school in another district and has no right to approve the student's choice of school).

■ Appellee school district had no power to enter into an agreement waiving tuition or permitting it to be paid in any manner other than the payment of monies. The agreement was unenforceable at the

---

1. The requirement that tuition be collected was continued in A.R.S. § 15–547 (1955) and is now contained in A.R.S. § 15–449.

time of its making, is not enforceable now, and the trial court properly dismissed the complaint.

We do not agree with appellants' argument that the implied in fact contract alleged in Count Two of their complaint may be enforced regardless of whether the express contract is valid. The school board would have no more power to bind the district by their actions than they would to enter into an express contract with the same objective and purpose. The appellee school district has a statutory obligation to admit the high school pupils from the appellant school district. A.R.S. § 15–449(A)(2). As noted above, Arizona Code Annotated § 54–908 (1939) contained a provision similar to A.R.S. § 15–449(A)(2).

We also find no merit in appellants' argument that appellees are estopped to deny the existence or validity of the agreement. Generally a school district cannot be bound by estoppel when acting in its governmental capacity. Appellants have not shown that any exception to the general rule exists here. *See Mish v. Tempe School Dist. No. 3,* 125 Ariz. 258, 609 P.2d 73 (App. 1980). Even if appellees admit the agreement, it remains unenforceable since appellee had no power to make it. Likewise, we do not believe that the illegal agreement may be upheld through the doctrine of ratification. An agreement which is invalid by virtue of a lack of authority cannot be given legal effect in that manner. In order to be ratified, the contract must initially be one which is in the scope of the powers of the public body. *See Hermance v. Public School Dist. No. 2,* 20 Ariz. 314, 180 P. 442 (1919). Appellants do not argue laches on appeal and we consider that issue abandoned.

Having addressed all arguments made by appellants, we find it unnecessary to decide any other issues presented.

Affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.