747 P.2d 602

**TUCSON UNIFIED SCHOOL DISTRICT NO. 1 OF PIMA COUNTY, a political subdivision, Plaintiff/Appellee,**

v.

**TUCSON EDUCATION ASSOCIATION, a non-profit corporation; Robert W. Koehler and Kenneth S. Freed, on behalf of themselves and all others similarly situated; and Mary Ann Brewer-Civiok, on behalf of herself and all others similarly situated, Defendants/Appellants.**

No. 2 CA–CV 87–0054.

Court of Appeals of Arizona, Division 2, Department A.

Sept. 17, 1987.

Review Denied Jan. 19, 1988.

DeConcini McDonald Brammer Yetwin Lacy & Zimmerman, P.C. by John R. McDonald, Tucson, for plaintiff/appellee.

Law Office of Stanley Lubin by Stanley Lubin, and Treon & Warnicke, P.A. by William W. Holder, Phoenix, for defendants/appellants.

## OPINION

HOWARD, Presiding Judge.

Tucson Unified School District (TUSD) filed this declaratory judgment action which was conditionally certified as a class action. The main issue was whether TUSD could lawfully delegate its authority to make decisions concerning the operation of the district to a third-party arbitrator. The trial court held that it could not and entered summary judgment in the school district's favor. We affirm.

TUSD is a political subdivision of the state of Arizona organized by and subject to the provisions of A.R.S. §§ 15–101 through 15–1231. Tucson Education Association (TEA) is a non-profit corporation with a membership consisting of teachers and non-teaching professionals. Robert W. Koehler and Kenneth S. Freed were teachers employed by TUSD and officers of TEA.

On May 15, 1984, TUSD and TEA signed a document known as the "Consensus Agreement Between Tucson Unified School District and Tucson Education Association" (Consensus Agreement).

The Consensus Agreement contained a procedure for handling grievances which it defined as "a complaint based upon an event or condition under which a teacher works allegedly caused by misinterpretation or inequitable application of this Agreement, policy, rule and/or regulation of the Board." The grievance procedure consisted of four levels. The last level provided:

"The Superintendent or designee and the Association shall agree on an arbitrator, and if they are unable to agree on an arbitrator, a request shall be submitted by any or all of the parties to the American Arbitration Association for the selection of an arbitrator in accordance with the AAA rules...."

The Agreement further provided that the findings and recommendations of the arbitrator would be binding on all parties and the grievance would be considered permanently resolved with no judicial review.

In December of 1984 Mary Ann Brewer-Civiok, a social worker employed by TUSD, applied for a sabbatical leave. She was informed by the acting superintendent of TUSD that such leave could not be granted. Brewer-Civiok then requested and was granted unpaid leave. She subsequently filed a grievance which was submitted to arbitration. The arbitrator ordered TUSD to pay Brewer-Civiok sabbatical benefits in the amount of $4,040.61.

Past consensus agreements, dating back to at least 1979, had all contained dispute resolution procedures identical to the one at issue and, in the past, 35 disputes had been referred to arbitration for final and binding resolution. In 29 cases the decisions were rendered and, except for one arbitration case in which TUSD refused to participate because it believed that the issue could not legally be placed in the hands of an arbitrator and the instant case, TUSD followed and implemented the arbitrators' decisions.

■ We begin with the proposition that school districts are legislative creations having only such powers as are granted to them by the legislature. *Oracle School*

*District No. 2 v. Mammoth High School District No. 88*, 130 Ariz. 41, 633 P.2d 450 (App.1981). A board or commission that is created pursuant to a statute for a special purpose has limited powers and it can exercise only those powers which are expressly or impliedly granted. Id. School boards must exercise their authority in the mode and within the limits permitted by statute. *School District No. 69 of Maricopa County v. Altherr*, 10 Ariz.App. 333, 458 P.2d 537 (1969).

 A.R.S. § 15–341 sets forth the powers and duties of a school board. They are numerous and varied. Nowhere do they expressly empower the school board to enter into an arbitration agreement which would allow a third-party arbitrator to bind the school board in a decision involving a labor grievance as defined in the Consensus Agreement. Appellants contend that A.R.S. § 15–341(A)(1) gives the board implied power to do so. The statute states:

"A. The governing board shall:

1. Prescribe and enforce rules for the governance of the schools, not inconsistent with law or rules prescribed by the state board of education...."

We find no such implied power in the above statute. The school board alone makes the rules and it alone enforces them. It cannot delegate the power to enforce or prescribe the rules to anyone else. Cf. *Board of Education v. Scottsdale Education Ass'n*, 17 Ariz.App. 504, 498 P.2d 578 (1972), vacated on other grounds, 109 Ariz. 342, 509 P.2d 612 (1973). The Consensus Agreement unlawfully delegates the power to enforce the rules to a third party.

The court, in *Godbey v. Roosevelt School District*, 131 Ariz. 13, 19, 638 P.2d 235, 241 (App.1981), stated:

" '[T]he general rule is that a municipal corporation, or a quasi-municipal corporation such as the District, may delegate to subordinate officers and boards powers and functions which are ministerial or administrative in nature, where there is a fixed and certain standard or rule which leaves little or nothing to the judgment or discretion of the subordinate. However, legislative or judicial powers, involving judgment and discretion on the part of the municipal body, which have been vested by statute in a municipal corporation may *not* be delegated unless such has been expressly authorized by the legislature.' [citation omitted]" (Emphasis in original)

Under the Consensus Agreement an arbitrator would be exercising discretion and acting in a quasi-judicial capacity. Such powers cannot be so delegated.

 Appellants also claim that TUSD is barred from asserting the illegality of the binding arbitration feature of the Consensus Agreement by virtue of the district's allegedly inconsistent position in a different case. The doctrine of judicial estoppel cannot grant to the school district powers that it does not have.

Affirmed.

LACAGNINA, C.J., and HATHAWAY, J., concur.