828 P.2d 1235

**Gilbert GOODE, Petitioner,**

v.

**The Honorable Michael D. ALFRED, a Judge Pro Tempore for The Superior Court of the State of Arizona, County of Pima, Respondent,**

**and**

**The STATE of Arizona, Real Party in Interest.**

No. 2 CA–SA 91–0120.

Court of Appeals of Arizona, Division 2, Department A.

Oct. 10, 1991.

Review Dismissed May 5, 1992.

Lola Clayton Rainey, Tucson, for petitioner.

Stephen D. Neely, Pima County Atty. by Catherine M. Shovlin, Tucson, for real party in interest.

## OPINION

LIVERMORE, Chief Judge.

The issue raised in this special action is whether the Arizona Board of Regents (the Board) has statutory authority to establish a police force. Because we conclude that it does and because the issue is based on legal principles instead of controverted issues of fact and is a matter of statewide importance, we accept jurisdiction, *University of Arizona v. Superior Court*, 136 Ariz. 579, 667 P.2d 1294 (1983), and deny relief, affirming the respondent court's reversal of the Pima County Justice court's dismissal of various criminal and civil charges against petitioner Gilbert Goode.

The undisputed facts are as follows. Petitioner was arrested on July 9, 1990, by a University of Arizona police officer for driving while under the influence of alcohol, in violation of A.R.S. § 28–692, and driving on a suspended license, in violation of A.R.S. § 28–1203. He was also cited for failing to provide proof of financial responsibility, A.R.S. § 28–1253, and speeding, A.R.S. § 28–701. The arresting officer was appointed by the Board and received his law enforcement certification from the Arizona Law Enforcement Officers Advisory Council. On June 19, 1991, the Pima County Justice Court dismissed the charges with prejudice, finding that the Board is without the legislative authority to establish a police department and that, therefore, the officer was not authorized to make the arrest and issue the citations. Following the state's special action, the respondent court vacated the order of dismissal and ordered that the charges be reinstated, remanding the matter for further justice court proceedings. This special action followed.

In considering the relevant statutory provisions, we note certain basic tenets of statutory construction. First, when construing several statutes, the provisions should be read together, giving effect to all provisions if possible. *Dupnik v. MacDougall*, 136 Ariz. 39, 664 P.2d 189 (1983). In addition, to determine legislative intent, courts should look to the "words, context, subject matter, effects and consequences, reason and spirit of the law." *City of Phoenix v. Superior Court*, 144 Ariz. 172, 175, 696 P.2d 724, 727 (App.1985). Statutes should also be construed within the context of related provisions and the statutory scheme. 144 Ariz. at 176, 696 P.2d at 728. "A practical construction is preferred to one which is absurd, and a practical construction is required if a technical construction would lead to mischief or absurdity." *State v. LeMatty*, 121 Ariz. 333, 337, 590 P.2d 449, 453 (1979). Applying these principles, we conclude that this state's legislature has implicitly authorized the Board to establish a police force.

Section 15–1626(A)(2), A.R.S., authorizes the Board to:

> Appoint and employ a president or presidents, vice-presidents, deans, professors, instructors, lecturers, fellows and such other officers and employees it deems necessary.

We reject Goode's argument that because neither this provision nor any other statute expressly authorizes the Board to establish a police department, there can be no such authority. The Justice Court supported its conclusion that this authority must be express by the fact that where the legislature has given other state agencies such authority, it has done so "affirmatively and unambiguously." Municipal Police, A.R.S. § 9–240(B)(12); Game and Fish Rangers, A.R.S. § 17–211; Railroad Police, A.R.S. § 40–856; Park Rangers, A.R.S. § 11–935(B)(6); The Department of Public Safety, A.R.S. § 41–1711; The Highway Patrol, A.R.S. § 41–1741; Capitol Police, A.R.S. § 41–794; Airport Police, A.R.S. § 2–314; and Community College Police, A.R.S. § 15–1444(A)(9). That these agencies have express authority does not, by negative implication, mean that the Board cannot be implicitly authorized to establish a police force.

Construing A.R.S. § 15–1626(A)(2) in its context and in light of other relevant provisions, we find that it is broad enough to include authorization to establish a police

**96**

force. Our conclusion is supported in the first instance by A.R.S. § 1–215(23), which, by amendment in 1985, includes within the very definition of a peace officer, "police officers appointed by the Arizona Board of Regents who have received a certificate from the Arizona Law Enforcement Officer Advisory Council." It defies not only traditional principles of statutory construction but logic as well to conclude that although the legislature considers officers appointed by the Board to be peace officers, the Board is without authority to appoint them. Clearly, A.R.S. § 1–215(23) is an acknowledgment of that authority. To conclude otherwise renders that provision meaningless. Moreover, there is no conceivable reason why the legislature would have intended that community colleges be able to establish a police force and not the Board that oversees the state's universities. Officers appointed by community college district governing boards are also included in the definition of peace officers under § 1–215(23). Indeed, it is more reasonable to infer that A.R.S. § 1–215(23) is the legislature's acknowledgment of the Board's authority to appoint police officers as part of its broad powers under A.R.S. § 15–1626(A)(2).

We note, as a further reflection of the legislature's intent in this regard, its acquiescence in the inclusion of Board-appointed police officers among those groups eligible to participate in the public safety personnel retirement system. A.R.S. § 38–842(12)(i). The administration of the retirement system is to be managed by local boards for the various agencies represented, including the Board. A.R.S. § 38–847(A).

In conclusion, we hold that the Board is statutorily authorized to establish a police force. Special action relief is denied.

LACAGNINA, P.J., and HOWARD, J., concur.