841 P.2d 1390

**FIRST PHOENIX REALTY INVEST-
MENTS an Arizona limited part-
nership, Petitioner,**

v.

**SUPERIOR COURT Of The State of Ari-
zona, in and for the COUNTY OF
MARICOPA, the Honorable William J.
Schafer, III, a judge thereof, Respon-
dent Judge.**

**Helen RINI, Antoinette R.C. Goetz,
Real Parties in Interest.**

No. 1 CA–SA 92–061.

Court of Appeals of Arizona,
Division 1, Department A.

Nov. 27, 1992.

Gregory E. Hinkel, Phoenix, for petition-
er.

Dennis P. Bayless, Scottsdale, for real
parties in interest.

OPINION

LANKFORD, Judge.

First Phoenix Realty Investments ("First
Phoenix") brings this special action to chal-
lenge the jurisdiction of the superior court
to appoint a receiver in a nonjudicial fore-
closure action. We accept jurisdiction be-

cause the question presented is an issue of law of statewide significance. *See City of Flagstaff v. Mangum*, 164 Ariz. 395, 397, 793 P.2d 548, 550 (1990); *Summerfield v. Superior Court*, 144 Ariz. 467, 469, 698 P.2d 712, 714 (1985).

The issue is whether Ariz.Rev.Stat.Ann. ("A.R.S.") section 33–702(B)(1) authorizes the superior court to appoint a receiver when no litigation with respect to the foreclosed property is pending. We granted the relief sought by order and stated that an opinion would follow. This is the promised opinion. We now hold the superior court has no jurisdiction to appoint a receiver in a nonjudicial foreclosure proceeding.

## I.

■ The parties settled their dispute after oral argument. Although Arizona has no constitutional provision requiring our courts to hear only "cases" or "controversies," we generally refrain from considering moot or abstract questions. *Fraternal Order of Police v. Phoenix Employee Relations Bd.*, 133 Ariz. 126, 127, 650 P.2d 428, 429 (1982). We make exception, however, for cases that present questions of significant public importance that are capable of repetition yet evade review. *See Flagstaff v. Mangum*, 164 Ariz. at 400, 793 P.2d at 553; *Fraternal Order of Police*, 133 Ariz. at 127, 650 P.2d at 429; *Arizona Downs v. Turf Paradise*, 140 Ariz. 438, 445, 682 P.2d 443, 450 (App.1984); *see also Camerena v. Department of Public Welfare*, 106 Ariz. 30, 31, 470 P.2d 111, 112 (1970).

■ This is an appropriate case for decision despite the settlement. The jurisdiction of the superior courts to appoint receivers is a question of significant public importance. The frequency of nonjudicial foreclosure proceedings makes this issue subject to repetition, and the question evades review because the nonjudicial foreclosure is often completed before an appellate court can rule on the receiver's propriety. We therefore address the issue.

## II.

First Phoenix owned two pieces of real property. The real parties in interest held promissory notes on the property, secured by deeds of trust. After alleging default on the notes, the real parties in interest foreclosed on the property using the nonjudicial foreclosure proceeding authorized by A.R.S. section 33–807. The real parties in interest then filed a "Complaint for the Appointment of Receiver" in the superior court.

First Phoenix moved to dismiss the complaint for lack of subject matter jurisdiction. The superior court denied the motion and appointed the receiver. This special action followed.

■ First Phoenix asserts the superior court acted without jurisdiction in appointing the receiver. It claims the superior court has no equitable or statutory jurisdiction to appoint a receiver in a nonjudicial foreclosure proceeding. We agree.

■ Some background on receivership is helpful to understand why we hold A.R.S. section 33–702(B)(1) does not authorize the superior court to appoint a receiver in a nonjudicial foreclosure proceeding. Receivership is an equitable remedy. 1 Ralph E. Clark, *Law of Receivers* § 46, at 48 (3rd ed. 1959). The appointment of a receiver is designed to protect property subject to some pending litigation. *Id.* § 51 at 55. The receivership is auxiliary to a main suit or action concerning the property in receivership. *Id.* Appointing a receiver, therefore, ordinarily presupposes a pending lawsuit. *Id.* §§ 48, 51, 75. "A receivership must be anchored to something." *Ferguson v. Superior Court*, 76 Ariz. 31, 34, 258 P.2d 421, 423 (1953).

The rationale of requiring a pending action is simple. "If a receiver were appointed over property without a controversy involved and some ultimate relief asked for, the court might find itself called upon to do the ministerial act alone of caring for the property." 1 Clark, supra § 75 at 107. Preserving property subject to litigation is incidental to the court's primary function of ruling on the case before it. Receiver-

ship is not a judicial function in and of itself.

▮ Arizona receivership law adheres to the equitable principle that receivership is auxiliary to some main, pending lawsuit. Arizona's territorial legislature codified the equitable receiver doctrine.[1] Our present receivership statute maintains the pending action requirement. "The superior court or a judge thereof may appoint a receiver *in an action pending* when no other adequate remedy is given by law for the protection and preservation of property or the rights of parties therein, *pending litigation in respect thereto.*" A.R.S. § 12–1241 (emphasis added). Absent a specific authorizing statute, an underlying pending action is a jurisdictional requirement to the appointment of a receiver. *Ferguson,* 76 Ariz. at 34, 258 P.2d at 423. Generally then, receivership is appropriate only in conjunction with an action pending for some other primary relief.

▮ A nonjudicial foreclosure proceeding cannot be a "pending action" because it is entirely extrajudicial. *See* A.R.S. § 33–807. A nonjudicial foreclosure sale can not support the creation of a receivership.

The respondents contend, however, and the superior court held, that A.R.S. section 33–702(B)(1) [2] creates a statutory exception to the pending action requirement. Section 33–702(B)(1) clearly provides for the appointment of a receiver. However, the question is whether the statute provides for the appointment of a receiver without "an action pending," thereby abrogating the receivership statute, section 12–1241. We hold it does not.

▮ Section 33–702(B) is simply not sufficiently specific to infer a legislative intent to abrogate section 12–1241.[3] Section 33–702(B) merely authorizes the court to appoint a receiver for beneficiaries in the same manner that it authorizes the court to appoint a receiver for mortgagees. Because mortgages are foreclosed judicially, *see* A.R.S. § 33–721, a "pending action" exists. Beneficiaries, on the other hand, can foreclose judicially, or foreclose nonjudicially under A.R.S. section 33–807(A). If the legislature had intended to authorize receivers in nonjudicial proceedings it logically would have done so in the nonjudicial foreclosure statute, section 33–807, not in the mortgage statute. The reference in the mortgage statute, for which sales can

1. "A receiver may be appointed by the court in which the action is pending, or before the judge thereof:

   1st. Before judgment provisionally on the application of either party, when he establishes a *prima facia* right to the property, or an interest therein which is the subject of the action, and which is in the possession of the adverse party, and the property, or its rents and profits, are in danger of being lost or materially injured or impaired.
   2d. After judgment, to dispose of the property according to the judgment, or to preserve it during the pending of an appeal; and,
   3d. In such other cases as are in accordance with the practice of courts of equity jurisdiction."
   *The Compiled Laws of the Territory of Arizona Including the Howell Code and the Session Laws from 1864 to 1871, inclusive,* ch. 48, § 145 at 408 (compiled by Coles Bashford, 1871).

2. A.R.S. § 33–702 is titled: "Mortgage defined; admissibility of proof that transfer is a mortgage." Section 33–702(B) reads:
   A mortgage or trust deed may provide for an assignment to the mortgagee or beneficiary of the interest of the mortgagor or trustor in leases, rents, issues, profits or income from

the property covered thereby, whether effective before, upon or after a default under such mortgage or trust deed or any contract secured thereby, and such assignment may be enforced without regard to the adequacy of the security or the solvency of the mortgagor or trustor by any one or more of the following methods:
   1. The appointment of a receiver.
   2. The mortgagee or beneficiary taking possession of the property, or without the mortgagee or beneficiary taking possession of the property.
   3. Collecting such monies directly from the parties obligated for payment.
   4. Injunction.

3. "Unless a statute, from its language or effect, clearly requires the conclusion that the legislature must have intended to supersede or impliedly repeal an earlier statute, courts will not presume such an intent." *Pima County by City of Tucson v. Maya Constr. Co.,* 158 Ariz. 151, 155, 761 P.2d 1055, 1059 (1988). A court will not construe a statute as repealed by implication by another if it can avoid doing so on any reasonable hypothesis. *State Land Dep't v. Tucson Rock and Sand Co.,* 107 Ariz. 74, 77, 481 P.2d 867, 870 (1971).

**268**

only be done judicially, indicates the appointment of the receiver may be made for beneficiaries as it is for mortgagees, namely when a cause of action is before the court. It appears the legislature intended to give beneficiaries the same rights as mortgagees. There is no indication the legislature intended to give greater rights, or to change the receivership statute.

Legislative history supports our interpretation. From at least 1887 to 1913 Arizona statutorily recognized the nonjudicial foreclosure sale.[4] While recognizing nonjudicial sales, Arizona's receivership statute continuously required a pending action in order for a receiver to be appointed.[5] Thus, for the 25 or so years that the nonjudicial sale was recognized, the court could appoint a receiver only if the court had before it the underlying litigation. The nonjudicial sale was revived in 1971 by A.R.S. section 33–807. A.R.S. section 12–1241 still requires a pending action. In light of Arizona's historical requirement of a pending action, we would expect it to have been altered either in section 12–1241, or in the nonjudicial sale statute, section 33–807. *See Goode v. Alfred,* 171 Ariz. 94, 95, 828 P.2d 1235, 1236 (App.1991); *City of Phoenix v. Superior Court,* 144 Ariz. 172, 176, 696 P.2d 724, 728 (App.1985) (statutory construction requires that provisions of statute be construed in the context of related provisions and in light of its place in the statutory scheme). Section 33–702(B), by itself, is not sufficient to conclude that the legislature no longer intended that the court must have some action before it

which affects the property before the court may assert power over the property.

Section 33–702(B) can best be read as harmonious with section 12–1241.[6] Both statutes retain independent significance if read as follows: a receiver may be appointed for a beneficiary when the foreclosure sale is made judicially, *see* § 33–807; in a nonjudicial foreclosure, a receiver may be appointed only if the court has an action involving the property before it.

Our conclusion is supported by a second source. Reading section 33–702(B) to authorize receivers without some underlying action would conflict with Rule 66, Arizona Rules of Civil Procedure. Rule 66 reads, "[a]n application for the appointment of a receiver may be included in a verified complaint or may be made by separate and independent verified application after a complaint has been filed."[7] Rule 66 replaced A.R.S. section 12–1242, which required the application for receivership to be filed separately from the party's complaint. The rule allows parties to file the complaint and application simultaneously. However, the rule and comment clearly contemplate that the "complaint" is a different document from the receivership "application."[8] The petitioner's reading would make the rule nonsensical in nonjudicial foreclosures: no "complaint" exists in such proceedings. Rule 66 presumes that the court will have before it an underlying cause of action before appointing a receiver.

In sum, logic dictates that the legislature did not intend section 33–702(B) to abrogate section 12–1241. Section 33–702(B)(1) is capable of a reading that is consistent

---

4. *See* Rev.Stat. of Ariz. tit. 47, ch. 1, § 2 (No. 2359) (1887); Rev.Stat. of Ariz.Terr. tit. 48, ch. 2 § 14 (No. 3273) (1901); Rev.Stat. of Ariz. Civil Code tit. 35, ch. 3 (No. 4113) (1913).

5. *See The Compiled Laws of the Territory of Arizona, supra* ch. 48, § 145 at 408; Rev.Stat. of Ariz. tit. 15, ch. 22 § 236 (No. 884) (1887); Rev.Stat. of Ariz.Terr. tit. 17, ch. 22 § 323 (No. 1582) (1901).

6. When reconciling two statutes courts should construe them in harmony when possible, giving effect to both. *E.g., Baker v. Gardner,* 160 Ariz. 98, 101, 770 P.2d 766, 769 (1988).

7. The state bar committee note to the 1967 amendment states,

> 1. [Former A.R.S. § 12–1242] required that the application [for the appointment of a receiver] be separate from the complaint. This serves no useful purpose if the application is made simultaneously, and the normal equity practice should be followed of including the application in the verified complaint and of obtaining a show cause order for consideration of the receivership. This will avoid a duplicating and unnecessary document."

8. The real parties in interest in this case filed a "Complaint for Appointment of Receiver."

with the codified equity rule authorizing a receivership only when the court has before it some litigation that jeopardizes the property. This is the reading that is more consistent with the statutory language and with Rule 66 of the Arizona Rules of Civil Procedure. Accordingly, we hold A.R.S. section 33–702(B)(1) does not give the superior courts jurisdiction to appoint a receiver in a nonjudicial foreclosure proceeding.

Grant, P.J., and TOCI, J., concur.