883 P.2d 470

**Carolyne BERRY, an individual, Plaintiff/Appellee,**

v.

**Robert FOSTER, Paul Harter, Laurel Karpman, Miranda Mackey; Madison School District No. 38, Defendants/Appellants.**

**No. 2 CA-CV 94-0123.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 11, 1994.

Bryan Cave by Roxana C. Bacon and Frederick C. Berry, Jr., P.C., Phoenix, for plaintiff/appellee.

Quarles & Brady by Charles W. Herf and Sharon S. Moyer, Phoenix, for defendants/appellants.

Arizona School Boards Ass'n, Inc. by Thomas W. Pickrell, Phoenix, amicus curiae.

## OPINION

HATHAWAY, Judge.

This case of first impression is an appeal by four of the five members of the Madison School District No. 38 governing board and the District itself (collectively, the board) from the permanent injunction entered in favor of the fifth board member, appellee Carolyne Berry. We agree with the trial court that the board did not have the authority to impose a procedure to investigate or censure other board members and that allowing implementation of the proposed procedure would result in irreparable harm to Berry. We therefore affirm as modified.

## FACTS

As a result of the board's concern about processing complaints it had received regarding board members and the disruptive impact of these complaints at board meetings, the board decided to adopt an official policy, Madison Elementary School District Procedure KLD–R (the policy.) The policy detailed how complaints about board members were to be handled, including review of the complaint in an executive board session, and possible public censure of the subject board member. The policy was initially approved unanimously by the board, including Berry. Soon after the policy was adopted, Berry and one other board member requested that the policy be repealed. Approximately one month after the policy was enacted, Berry

and board member Miranda Mackey voted in favor of repeal, and the other three board members voted against repeal. Berry then filed a complaint requesting a temporary restraining order, and preliminary and permanent injunctions prohibiting the District from investigating or censuring her pursuant to the policy. The trial court granted Berry's motion for summary judgment and entered a permanent injunction prohibiting enforcement of the policy.

On appeal, the board argues that it had the authority to adopt the policy; that the temporary restraining order and permanent injunction precluding implementation of the policy violate the First Amendment of the United States Constitution and Article 2, § 6 of the Arizona Constitution; that the court erred in enjoining the board from enforcing the policy and in granting Berry's motion for summary judgment and denying the board's motion for summary judgment; and, that Berry produced inadequate evidence to support a temporary restraining order and permanent injunction in her favor.

This appeal involves issues of statutory interpretation, and is thus subject to *de novo* review by this court. *Blum v. State*, 171 Ariz. 201, 829 P.2d 1247 (App.1992). The granting of the injunction is a matter of judicial discretion, which we have reviewed for abuse. *Financial Assoc., Inc. v. HUB Properties, Inc.*, 143 Ariz. 543, 694 P.2d 831 (App.1984).

## AUTHORITY TO ADOPT THE POLICY

"School districts are a legislative creation having only such power as is granted to them by the legislature." *Oracle School Dist. No. 2 v. Mammoth High School Dist. No. 88*, 130 Ariz. 41, 43, 633 P.2d 450, 452 (App.1981); *School Dist. No. 69 of Maricopa County v. Altherr*, 10 Ariz.App. 333, 458 P.2d 537 (1969). As pointed out by Berry, nowhere in Title 15 or in the Arizona Constitution is there express or implied authority granted to a school board to investigate, discipline or censure one of its own members. The policy was thus enacted outside the express or implied provisions of the applicable statutes. A.R.S. §§ 15–321(C), 15–323, 15–341(A)(1), 38–531 *et. seq.*, and 38–431.03(A)(1).

The board relies, in part, on A.R.S. § 15–321(C) as authority to enact the policy. This section merely provides that "[t]he board shall prescribe rules for its own government." It then goes on to detail rules for meeting dates and signing documents. It does not appear that the legislature, in enacting this rule, contemplated a policy such as the one before us. "School boards must exercise their authority in the mode and within the limits permitted by statute." *Tucson Unified School Dist. No. 1 v. Tucson Educ. Ass'n.*, 155 Ariz. 441, 443, 747 P.2d 602, 604 (App.1987). Nor does the public meetings law, specifically A.R.S. § 38–431.03(A)(1), provide authority to meet for a purpose not impliedly or expressly provided for elsewhere in the statutes.

The board, relying on *Goode v. Alfred*, 171 Ariz. 94, 828 P.2d 1235 (App.1991), argues that an "absence of express statutory authorization ... is not indicative of whether or not an action may be taken." We agree. However, *Goode* likewise stands for the proposition that if the necessary authority is not expressly provided in the statute, it must be impliedly provided. The board has failed to explain how authority for the policy may be implied from the statutes it cites.

The board further argues that the injunctive relief the trial court granted violates the First Amendment of the United States Constitution and Article 2, § 6 of the Arizona Constitution. The relief the trial court granted prohibited implementation of the policy; the court did not, however, deprive the board members of their free speech rights. The language of the injunction prohibits investigation or censure of Berry pursuant to the policy or "in any other fashion." We agree with the board that the "in any other fashion" language is overly broad, and order it stricken from the injunction. However, the board is still prohibited from taking action which it has no power to take under the governing statutes. "While it is true that courts will not interfere by injunction where officers are acting in the execution of a public statute, they may be enjoined from acts which are beyond their power." *Crane Co. v.*

236

*Arizona State Tax Comm'n,* 63 Ariz. 426, 445, 163 P.2d 656, 664 (1945).

## IRREPARABLE HARM

The board contends that the trial court erred in granting injunctive relief, arguing that Berry failed to demonstrate irreparable harm, required for the imposition of injunctive relief. *Gonzales v. Sheely,* 96 F.Supp. 1004 (D.Ariz.1951).

█ The court granted injunctive relief to prevent an imminent meeting by the board purportedly to carry out the provisions specified in the policy and publicly censure Berry. The trial court could reasonably have concluded that such an action would result in irreparable harm to Berry. Berry is an elected public officer, and her reputation is the most valuable asset she possesses in that capacity. The award of money damages to Berry in the event she was harmed would not compensate her for this type of loss. Based upon the actions leading to this lawsuit and the intent expressed in the policy at the time injunctive relief was granted, irreparable harm to Berry appeared likely, if not certain. The board has failed to demonstrate that the trial court abused its discretion in granting this relief. *Financial Assoc., Inc. v. HUB Properties, Inc., supra.*

## BERRY'S ATTORNEYS' FEES

Berry argues that she is entitled to attorneys' fees at the trial level and on appeal. The trial court denied attorneys' fees on the basis that there was no statutory authority for the award of fees. Berry failed to file a cross-appeal on this issue, and we will not consider whether the trial court erred in denying attorneys' fees to the prevailing party absent a cross-appeal. *Hoffman v. Greenberg,* 159 Ariz. 377, 767 P.2d 725 (App.1988).

We affirm the injunctive relief granted by the trial court, as modified, and deny attorneys' fees to Berry at the trial level and on appeal.

DRUKE, C.J., and ESPINOSA, P.J., concur.