IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

UMB BANK, NA, *Plaintiff/Appellee*,

*v.*

PARKVIEW SCHOOL, INC., et al., *Defendants/Appellants*.

No. 1 CA-CV 21-0354
FILED 1-5-2023

Appeal from the Superior Court in Maricopa County
No.  CV2021-005523
The Honorable Randall H. Warner, Judge

**AFFIRMED**

COUNSEL

Spencer Fane LLP, Phoenix
By Richard H. Herold, Jr., Jessica Anne Gale, Andrew M. Federhar
*Counsel for Plaintiff/Appellee*

Dickinson Wright, PLLC, Phoenix
By Bradley A. Burns, Vail Cloar, Amanda E. Newman
*Counsel for Defendants/Appellants*

---

## OPINION

Judge Peter B. Swann[1] delivered the opinion of the court, in which Presiding Judge Cynthia J. Bailey and Judge D. Steven Williams joined.

---

**S W A N N**, Judge:

¶1   This is an appeal from an order appointing a receiver for a school-charter holder that defaulted on its obligation to repay a secured loan funded by bond proceeds. The appellants contend that the action was barred based on the absence of a notice of claim under A.R.S. § 12-821.01, the expiration of the one-year limitations period under A.R.S. § 12-821, and a forbearance agreement. We conclude that no notice of claim was required, that the complaint was timely even assuming application of the one-year limitations period, and that the superior court properly deferred to a Minnesota court's ruling directing the trustee not to enter the forbearance agreement. We therefore affirm.

### FACTS AND PROCEDURAL HISTORY

¶2   Park View School, Inc., is a nonprofit corporation that holds a charter granted by the Arizona State Board for Charter Schools. Park View operates two charter schools in Arizona, with operational, educational, and management services provided by The Charter Management Group, LLC.

¶3   In 2016, the Industrial Development Authority of the County of Pima made a secured loan to Park View of $7,620,000 in bond proceeds. UMB Bank, N.A., a national banking association with a Minnesota corporate trust office, is the successor trustee for the loan.

---

[1] Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court. He retired effective November 28, 2022. In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office and for the duration of Administrative Order 2022-162.

¶4             In 2017, and again in 2018, UMB and Park View entered year-long forbearance agreements based on Park View's ongoing inability to make required debt service payments.  In early 2019, UMB engaged a consultant to assess Park View's finances, operations, and management. The consultant opined that Park View was financially mismanaged and had engaged in related-party dealings without transparency.

¶5             UMB and Park View thereafter were unable to agree on forbearance terms for the 2019-2020 school year.  Park View then solicited bondholders to exercise their directive authority under the loan documents to, inter alia, force UMB to accept Park View's proposed terms regarding repayment and school operations.  Based on the returned bondholder ballots and a bondholder-representative letter, Park View demanded that UMB either enter Park View's proposed forbearance agreement or be replaced as trustee.

¶6             In response, UMB filed a petition in Minnesota probate court for trust administration instructions, declaring the bondholder and bondholder-representative directives ineffective, and directing UMB not to enter the proposed forbearance agreement.  Park View moved to dismiss, pointing out that it was neither served with process nor named as a party, and arguing that the court lacked jurisdiction over it and the subject matter of the dispute.  After holding a hearing in which Park View participated as what the court termed an "interested observer," the court denied Park View's motion and set the matter for a March 2021 evidentiary hearing, which Park View declined to attend.  After considering the evidence, the Minnesota court ruled that UMB had not been properly directed to enter Park View's proposed forbearance agreement and that the proposed agreement's terms were not in all bondholders' best interests.  The court instructed UMB to reject the proposed agreement and authorized UMB to exercise all rights and remedies, including initiating proceedings in the appropriate jurisdiction for the appointment of a receiver.

¶7             In April 2021, UMB commenced an action for a receiver in Maricopa County Superior Court, naming Park View and The Charter Management Group as defendants.  The defendants moved to dismiss under the notice of claim statute, A.R.S. § 12-821.01, and the one-year limitations period set forth in A.R.S. § 12-821.  The superior court denied the motion to dismiss, holding that no notice of claim was required because "the only relief presently before the Court is appointment of a receiver," and that the action was not time-barred even assuming application of the one-year limitations period because UMB alleged ongoing failures to make installment payments.

¶8        The defendants reiterated their notice-of-claim and limitations-period arguments in their response to UMB's application for an order to show cause, and additionally argued that the bondholder vote precluded a receivership and that the allegations of mismanagement and wrongdoing were false or harmless. The court ordered and received supplemental briefing regarding the preclusive effect of the Minnesota proceedings. The court then held an evidentiary hearing.

¶9        The court rejected the defendants' argument regarding the effect of a third forbearance agreement, concluding that under the prior exclusive jurisdiction doctrine it lacked "the authority to undo or override either [the Minnesota court's] substantive ruling or its jurisdictional determination." The court held that a receiver was warranted to "preserv[e] collateral pending further action to collect on the debt" and to "attempt to place Park View in a financial position that would allow it to keep operating and satisfy its obligation to bondholders." The court limited the receiver's authority, however, explaining that "based on the Court's prior rulings regarding the claim statute, the receiver may not without a specific court order cause Park View to pay UMB or bondholders for amounts past due, although it may make current bond payments as they become due." Consistent with that limitation, the June 2021 appointment order directed the receiver to pay "current debt payments owing to the Trustee secured by the Bond Documents on the Collateral (but not payments for amounts past due)."

¶10        The defendants appeal.

## DISCUSSION

¶11        As an initial matter, we address several pending motions. First, we address the defendants' motion to strike UMB's notice of supplemental authority. Because ARCAP 17 authorizes supplementation only as to "legal authority" that "c[a]me to the attention of a party after a party has filed a brief, or after the appellate court has heard oral argument," we do not consider the supplemental notice to the extent that UMB cited authority that the superior court relied on and the defendants briefed, and to the extent that UMB sought to introduce evidence (irrelevant here) that it served a post-ruling notice of debt acceleration.

¶12        Next, we address UMB's motion for judicial notice. UMB asks us to take judicial notice of Arizona State Charter School Board proceedings in view of the Board's post-ruling vote to begin the process of revoking Park View's charter. UMB argues that judicial notice "is important . . . because,

*if* the charter is revoked, portions of this case *may* be moot."  (Emphases added.)  We deny the motion because hypothetical mootness is irrelevant.

I.      THE RECEIVERSHIP ACTION WAS NOT BARRED BY UMB'S FAILURE TO FILE A NOTICE OF CLAIM.

**¶13**        Defendants first contend that the superior court erred by not applying the notice of claim statute to preclude the receivership action.  We review the superior court's interpretation and application of statutes de novo.  *Sedona Grand, LLC v. City of Sedona*, 229 Ariz. 37, 40, ¶ 8 (App. 2012).

**¶14**        As an initial matter, UMB responds that the forbearance agreements functionally satisfied the notice of claim statute, and that the defendants are waived or estopped from asserting the statute as a defense both under the express terms of the forbearance agreements and by its pre-litigation conduct.  The defendants point out that UMB never argued waiver or estoppel in the superior court.  We need not resolve the functional-compliance, waiver, or estoppel disputes because we detect no error in the superior court's determination that the absence of a notice of claim was not fatal.

**¶15**        The notice of claim statute requires a plaintiff with a claim against a public school[2] to timely file a notice stating sufficient facts to describe the claimed liability, a specific amount for which the claims can be settled, and facts supporting that amount, so that the defendants may investigate and assess liability, potentially settle, and make financial planning and budgeting decisions.  A.R.S. § 12-821.01(A); *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 214 Ariz. 293, 295, ¶ 6 (2007).  The statute applies only when monetary damages are sought—it does not apply to claims for declaratory or injunctive relief.  *State v. Mabery Ranch, Co.*, 216 Ariz. 233, 244–45, ¶¶ 47–53 (App. 2007).  That said, if a claim for declaratory or injunctive relief is merely a predicate to a damages claim, the notice of claim statute still applies.  *See Arpaio v. Maricopa Cnty. Bd. of Supervisors*, 225 Ariz. 358, 361–62, ¶¶ 3, 11–12 (App. 2010) (holding that notice of claim statute applied to claims for injunctive relief and declaratory judgment based on public entities' unlawful seizure of funds "to the extent the [plaintiff] then would seek recovery of some or all of the [funds]" from the state and to the extent that "[p]resumably, the [plaintiff] would contend via further amendment of the complaint or by separate action that these

---

[2]        Charter schools are public schools.  A.R.S. §§ 15-101(4), -181.

specialty funds would need to be 'replenished'" by the county board of supervisors and its members).

¶16 Receivership is an equitable remedy, *First Phoenix Realty Invs. v. Superior Court (Rini)*, 173 Ariz. 265, 266 (App. 1992), which the court may order "to protect and preserve property or the rights or parties therein, even if the action includes no other claim for relief." A.R.S. § 12-1241. UMB's complaint plainly requested a receivership. The defendants contend, however, that the notice of claim statute applied because UMB's request for a receiver was part of a liquidation plan. They point out that in the factual allegations of the complaint, UMB alleged that "the total aggregate due and owing . . . is $9,109,152.77," fifteen paragraphs later asked that the receiver be authorized and instructed to apply funds to "the payment of all amounts owed to the Trustee," and still later asked that the defendants be ordered to turn over to the receiver "all monies held or received by the Borrower from and after the date of the Court Order . . . and grant a constructive trust over all such monies in favor of the Trustee." They contend that in view of those allegations, UMB's claim was subject to the notice of claim statute.

¶17 To be sure, the notice of claim statute applied to a request to collect past-due debt. But on this record, we do not agree that the debt-related allegations so tainted the receivership request as to transform it into a mere predicate to a damages claim. UMB requested a receivership for the prospective protection of the bondholders. To the extent that UMB requested that past-due debt be collected within the receivership, severance of those requests does not redefine the nature of the action—which the superior court properly recognized when it ordered a receivership but limited the receiver to making current debt payments only.

II. THE RECEIVERSHIP ACTION WAS NOT TIME-BARRED.

¶18 The defendants next contend that the superior court erred by not applying the limitations period of § 12-821 to preclude the receivership action. Section 12-821 provides that "[a]ll actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward." We review de novo the interpretation of limitations statutes and questions of accrual. *Mertola, LLC v. Santos*, 244 Ariz. 488, 490, ¶ 8 (2018). We disfavor dismissals based on limitations periods. *See Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 590 (1995).

¶19 Assuming without deciding that § 12-821 governs here, we perceive no error in the superior court's conclusion that the receivership

action was not time-barred. When a fixed non-credit-card debt is scheduled to be repaid in installments, a cause of action accrues for purposes of A.R.S. § 12-548(A)'s limitations period upon "the due date of each matured but unpaid installment and, as to unmatured future installments, the period commences on the date the creditor exercises the optional acceleration clause." *Webster Bank NA v. Mutka*, 250 Ariz. 498, 499, ¶ 1 (App. 2021) (citation omitted).

¶20 Here, UMB premised the receivership action on Park View's failure to satisfy its obligation to make regular debt payments in full since 2017, and at all since 2019. Though the older defaults could not form a proper basis for the action, the action was timely under § 12-821 based on the defaults that occurred within one year of the complaint. And though the defendants contend that UMB accelerated the debt because it alleged in the complaint "the total aggregate due and owing," that purported acceleration has no bearing on the timeliness of the receivership action.

III. THE SUPERIOR COURT PROPERLY DEFERRED TO THE MINNESOTA RULING.

¶21 The defendants finally contend that the superior court erred by relying on the Minnesota proceedings to reject their argument that a third forbearance agreement barred the receivership.

¶22 After noting that Park View had notice and an opportunity to participate in the Minnesota case, the superior court concluded that the Minnesota court's ruling was preclusive under the prior exclusive jurisdiction doctrine. Prior exclusive jurisdiction is a mandatory rule that applies when there are parallel state and federal in rem or quasi in rem proceedings regarding the same res. *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043–44 (9th Cir. 2011). Under the doctrine, "if a state or federal court has taken possession of property, or by its procedure has obtained jurisdiction over the same, then the property under that court's jurisdiction is withdrawn from the jurisdiction of the courts of the other authority." *Sexton v. NDEX West, LLC*, 713 F.3d 533, 536 (9th Cir. 2013) (citation and internal quotation marks omitted). The rule recognizes "[t]he logical and practical difficulty of two courts simultaneously vying for possession or control of the same property." *United States v. $79,123.49 in United States Cash & Currency*, 830 F.2d 94, 96 (7th Cir. 1987). The rule "is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to . . . administer trusts." *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939).

¶23 The prior exclusive jurisdiction doctrine has not previously been adopted in a published Arizona decision and we are faced here not with parallel federal and state actions but with a ruling from a different state. Its logic is compelling, however, and to permit the Arizona court to ignore the Minnesota court's disposition and proceed with its own determination would be illogical, impractical, and inequitable. The superior court properly deferred to the Minnesota court regarding the res over which it exercised jurisdiction.

## CONCLUSION

¶24 We affirm for the reasons set forth above. In exercise of our discretion, we deny the parties' competing requests for attorney's fees under A.R.S. § 12-341.01. We also deny UMB's request for fees under the 2017 forbearance agreement because the receivership is not based on defaults under that expired agreement. As the prevailing party, UMB is entitled to its costs on appeal upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA