463 P.2d 98

Ezra ODLE, Dairy Commissioner of the State of Arizona, Darrell F. Smith, Attorney General of the State of Arizona, and Robert K. Corbin, Maricopa County Attorney, Appellants,

v.

IMPERIAL ICE CREAM COMPANY, a corporation, and A. J. Bayless Markets, Inc., Appellees.

No. 1 CA-CIV 832.

Court of Appeals of Arizona.

Division 1.

Jan. 7, 1970.

**204**

Gary K. Nelson, Atty. Gen., by T. A. Miller, Deputy Atty. Gen., Phoenix, for appellants.

Donald D. Meyers, Phoenix, for appellees.

HOWARD, Judge.

This is a declaratory judgment action wherein Imperial Ice Cream Company, hereinafter referred to as the plaintiff, and A. J. Bayless Markets, Inc., hereinafter referred to as intervenor, seek to have A.R.S. § 3–626.01 (Added Laws 1960) declared unconstitutional and void as it applies to the products designated as "imitation ice milk" and "imitation ice cream" which are manufactured by the plaintiff and shipped in interstate commerce for retail sale in Arizona.

The matter was tried before the court without a jury and after judgment in favor of the plaintiff was rendered, the appellant filed this appeal.

The facts of this case as established by stipulation of counsel are in summary as follows:

The plaintiff, Imperial Ice Cream Company, manufactures and packages its product described as "imitation ice cream" and "imitation ice milk" in Pasadena, California, in a modern, sanitary and hygienic plant and plaintiff's products are identical with ice cream and ice milk in their method of manufacture, packaging and sales. Plaintiff's products are nutritious, wholesome and healthful and the contents of the said products and the percentages they bear to the entire products are as follows:

" 'Imitation Ice Milk'

| | |
|---|---|
| Vegetable fat | 6% |
| Serum solids | 10% |
| Sugar | 11.11% |
| Corn Syrup | 3.49% |
| Stabilizer | .0296% |
| Emulsifier | .0222% |
| Color and flavor | .005% |
| Water | 69% |

'Imitation Ice Cream'

| | |
|---|---|
| Vegetable fat | 10.25% |
| Serum solids | 11% |
| Sugar | 11.11% |
| Corn syrup | 3.49% |
| Stabilizer | .028% |
| Emulsifier | .022% |
| Color and flavor | .005% |
| Water | 64%" |

These ingredients are processed and brought into solution under agitation and under proper temperatures. Plaintiff's products were during the year 1959, and are currently being marketed in interstate commerce in the State of Arizona. They are frozen products which, in appearance, texture, body, taste, temperature and other physical characteristics, cannot be readily distinguished from ice cream and ice milk. Plaintiff's products, when sold by retail grocery markets in the State of Arizona, are kept and displayed in cartons, which bear the words "imitation ice milk" and "imitation ice cream" on them, in refrigerated display cases together and intermingled with ice cream and other frozen food products. Such products and cartons are the identical products and cartons which were involved in and referred to in State v. A. J. Bayless Markets, Inc., 86 Ariz. 193, 342 P.2d 1088 (1959).

Plaintiff has been and is manufacturing and selling large quantities of the aforesaid products for distribution and sale in the State of Arizona and other western states. It is plaintiff's intention to continue to manufacture and sell the aforesaid products for distribution and sale in the State of Arizona unless prevented from doing so by the defendants under the provisions of the Dairy Code and especially § 3–626.01 (Added Laws 1960). Intervenor, A. J. Bayless Markets, Inc., operates numerous retail grocery markets in Arizona and has continuously, since prior to 1959, purchased plaintiff's products for resale at retail to consumers thereof in Arizona. It is intervenor's intention to continue to so purchase and resell such products unless prevented from doing so by the defendants under the provision of the Dairy Code, and especially § 3–626.01 (Added Laws 1960).

Prior to and at the time of the institution of this suit by the plaintiff, appellants' respective predecessors in office had

threatened and were threatening to take all necessary steps to enforce supervision of A.R.S. § 3–626.01 (Added Laws 1960), upon its becoming effective, by the institution of criminal and other legal proceedings against intervenor and others who distribute or sell plaintiff's products in the State of Arizona.

The applicable sections of A.R.S. § 3–626.01 (Added Laws 1960) are as follows:

"A. No person shall sell any food which purports to be or is represented as ice cream, ice milk, sherbet, cheese, cottage cheese, process cheese, cheese food compounds, butter, milk, cream, skimmed milk, buttermilk, condensed or evaporated milk, powdered milk, condensed skimmed milk, or any of the fluid derivatives thereof, which contains any fat or oil other than milk fat, either under the name of such food as an imitation thereof, or the derivatives thereof, or under any other name which is confusing or deceptive."

Since the filing of this appeal, the above section was amended in 1969 and the applicable provisions are as follows:

"§ 3–626.01 Prohibition of sale of filled milk labeled imitation dairy products

A. As used in this section, 'filled milk' means any milk, cream, or skimmed milk, whether or not condensed, evaporated, concentrated, powdered, dried, or desiccated, to which has been added, or which has been blended or compounded with, any fat or oil other than milk fat, so that the resulting product is in imitation or semblance of milk, cream or skimmed milk, whether or not condensed, evaporated, concentrated, powdered, dried, or desicated.

B. No person shall sell any filled milk as defined in subsection A of this section either under the name of a dairy product as an imitation thereof or imitation derivative thereof,

or under any other name which is confusing or deceptive."

It is well settled that an appellate court will not decide moot questions. J. R. Francis Construction Co. v. Pima County, 1 Ariz.App. 429, 403 P.2d 934 (1965). An exception to the general rule has been made where the question involved is one capable of repetition yet evading review. Board of Examiners of Plumbers v. Marchese, 49 Ariz. 350, 66 P.2d 1035 (1937). The appellants are urging this exception as a reason for us to review this case. The problem that prevents us from so doing in this case is that we perceive a substantial difference between the 1960 and 1969 statutes. The applicability of the new statute to the plaintiff's products is a question of fact which must first be determined by the trial court.

The appeal is therefore dismissed.

KRUCKER, C. J., and HATHAWAY, J., concur.