470 P.2d 111

Ascencion CAMERENA, Appellant,

v.

DEPARTMENT OF PUBLIC WELFARE and Maricopa County Department of Public Welfare of the State of Arizona, Appellees.

No. 9606–PR.

Supreme Court of Arizona, In Banc.

June 4, 1970.

Gorey & Ely and Oscar C. Rauch, by Herbert L. Ely and Oscar C. Rauch, Phoenix, for appellant.

Gary K. Nelson, Atty. Gen., Darrell F. Smith, Former Atty. Gen., Peter Sownie, Asst. Atty. Gen., Phoenix, for appellees.

LOCKWOOD, Chief Justice:

This case is before us on a petition for review of a decision of the Court of Appeals (9 Ariz.App. 120, 449 P.2d 957) reversing a judgment of the superior court. Opinion of the Court of Appeals vacated; judgment of the superior court reversed.

Petitioner, Ascencion Camerena, brought an action in the Superior Court requesting a writ of certiorari or mandamus in order to have certain laws and regulations relating to Aid to Dependent Children, declared void. The writ was denied. The Court of Appeals reversed. We granted the State's petition for review on April 15, 1969.

The principal question on appeal was whether it is a violation of due process to terminate public assistance payments to a particular recipient without first affording him an opportunity for an evidentiary hearing. Our research shortly after granting review, indicated that the United States Supreme Court had accepted for argument two cases involving the same legal issue. We therefore, deferred issuing our opinion, since those decisions would be binding upon us. On March 23, 1970 those two cases were decided. They are Goldberg v. Kelly, 397 U.S. 254, 90 S. Ct. 1011, 25 L.Ed.2d 287, and Wheeler v. Montgomery, 397 U.S. 280, 90 S.Ct. 1026, 25 L.Ed.2d 307. Therein the Supreme Court held that procedural due process requires an evidentiary pre-termination hearing before welfare payments may be discontinued or suspended.

Though the instant case has become moot we have held that when a case poses a question of public importance we will adjudicate it even though it is moot. State v. Superior Court of Pima County, 104 Ariz. 440, 454 P.2d 982.

We therefore vacate the opinion of the Court of Appeals and reverse the judgment of the superior court for the reasons set out in the two aforementioned cases.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.