650 P.2d 428

**FRATERNAL ORDER OF POLICE LODGE 2, an Arizona non-profit corporation, Plaintiff-Appellee,**

v.

**The PHOENIX EMPLOYEE RELATIONS BOARD, William H. Gooding, Carl A. Lind and Raymond Wells, individually and as members of the Phoenix Employee Relations Board, Defendants-Appellants,**

and

**The Phoenix Law Enforcement Association as, Intervenor.**

No. 15698–PR.

Supreme Court of Arizona, In Banc.

Jan. 7, 1982.

Rehearing Denied Sept. 14, 1982.

Johnson, Welliever, Buckley & Otto by John P. Otto, Phoenix, for plaintiff-appellee.

Whitten & Brown, Ltd. by Robert C. Whitten and William R. Brown, Phoenix, for defendants-appellants.

Napier & Jones, P.C. by Michael Napier and Robert F. Clarke, Phoenix, for intervenor.

GORDON, Vice Chief Justice:

This case arises from a dispute over what group should be the authorized union representative for members of the Phoenix Police Department. Appellee Fraternal Order of Police Lodge 2 [FOP] filed a special action in Superior Court to force appellant Phoenix Employee Relations Board [PERB] to hold an election to determine whether FOP or intervenor Phoenix Law Enforcement Association [PLEA] should be the authorized representative for the department.

The trial court ordered that the election be held after it found invalid § 2.21 of PERB's rules and regulations. Section 2.21, sometimes referred to as the "contract bar rule," has the effect of barring an authorized representative election sooner than three years after a contract has been awarded to a designated authorized representative. PERB appealed the order.

While PERB's appeal was pending, parallel legal proceedings concerning the election took place. The election eventually was held, and PLEA retained its status as authorized representative. When the Court of Appeals subsequently considered the case, it found that the election mooted the issues, and it dismissed the appeal. No. 1

CA–CIV 4741 (filed September 1, 1981) (memorandum decision). We granted PERB's petition for review, giving us jurisdiction under Ariz.Const. Art. 6, § 5(3) and Rule 23, Arizona Rules of Civil Appellate Procedure. We vacate the memorandum decision of the Court of Appeals, and we retain jurisdiction to consider the merits pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure.

 Unlike the federal court system, the powers of which are limited by U.S.Const. Art. III, § 2, cl. 1, our state court system has no constitutional provision constraining it to consider only "cases" or "controversies." Nevertheless, since the first time we considered the issue, our Court has consistently held that it will refrain from considering moot or abstract questions. *See Mesa Mail Publishing Co. v. Board of Supervisors,* 26 Ariz. 521, 227 P. 572 (1924); *Camerena v. Department of Public Welfare,* 106 Ariz. 30, 470 P.2d 111 (1970). We will make an exception, however, to consider a question of great public importance or one which is likely to recur even though the question is presented in a moot case. *Camerena, supra; State v. Superior Court,* 104 Ariz. 440, 454 P.2d 982 (1969); *see Wise v. First National Bank of Nogales,* 49 Ariz. 146, 65 P.2d 1154 (1937).

The instant case presents a question that is both of great public importance and one that is likely to recur—whether § 2.21 of PERB's rules and regulations is valid. The question is of great importance to the hundreds of thousands of people living or working in Phoenix because PERB deals with all employees of that city. Thus, the validity of a PERB rule directly affects all city employees and indirectly affects everyone served by those employees. We agree with PERB that "[t]he people of the City of Phoenix unquestionably have a fundamental interest in the development of harmonious and cooperative relationships between the City government and its employees." The question is also likely to recur because it is probable that FOP or potential authorized representatives of other groups of city employees will seek to force new elections within the three-year periods to which § 2.21 applies.

Therefore, even though the propriety of the FOP–PLEA election is moot, we hold that the underlying question of the validity of § 2.21 should be decided. We have no doubt that the parties, who briefed the case to the Court of Appeals before the election occurred, had and still retain a sufficient adversarial interest in the litigation to vigorously present all sides of the question, thereby allowing an informed judicial decision to be made.

The memorandum decision of the Court of Appeals is vacated. We will retain jurisdiction of the case to consider the validity of § 2.21 of the Phoenix Employee Relations Board's Amended Rules and Regulations. The case will be processed pursuant to Rule 19(e), Arizona Rules of Civil Appellate Procedure.

HOLOHAN, C. J., and STRUCKMEYER, HAYS and CAMERON, JJ., concur.