696 P.2d 1376

**CONTEMPO–TEMPE MOBILE HOME OWNERS ASSOCIATION, a non-profit association and Central Arizona Mobile Home Owners Association, an Arizona non-profit corporation, Plaintiffs-Appellants,**

v.

**Marvin E. STEINERT and Jane Doe Steinert, husband and wife; Marvin E. Steinert, individually and dba Contempo/Tempe Adult Mobile Home Community; Ann McAnelly and John Doe McAnelly, husband and wife; and John Does I–X, and Black Corporations I–X, Defendants-Appellees.**

1 CA–CIV 6961.

Court of Appeals of Arizona, Division 2, Department A.

Jan. 17, 1985.

Reconsideration Denied March 5, 1985.

228

Creasy & Skivington by Frederick C. Creasy, Jr., Scottsdale, for plaintiffs-appellants.

Law Offices of Ronald W. Meyer by Ronald W. Meyer, Phoenix, for defendants-appellees.

## OPINION

GRANT, Judge.

The only issue on appeal is whether the appellant associations have standing to sue for themselves and/or for the benefit of their individual members. However, since we conclude that the case is moot, there is no case or controversy before this court and therefore we dismiss the appeal.

The facts of this case are as follows: A complaint was filed against the operators of a mobile home park (appellees) by the tenants association and another association made up of numerous tenant associations (appellants). The appellants' complaint sought an injunction to prevent the appellees from using a particular rental agreement which increased the monthly rent and damages for their failure to negotiate a rental agreement in good faith. The trial court found that the appellants lacked standing to bring the suit. The trial court granted a motion to dismiss for lack of standing but granted leave to amend the complaint to name the individual tenants. An amended complaint brought in the name of the individual tenants was filed. Thereafter the individual tenants and the appellees entered into a stipulation that the matter be dismissed with prejudice. The trial court entered an order pursuant to the stipulation dismissing the case with prejudice.

Thereafter the appellants filed an appeal from the court's original ruling which had dismissed the complaint for lack of standing. However since the substantive questions raised have already been resolved by the stipulation dismissing the suit with prejudice, the appellants would not be entitled to any substantive relief on appeal. Therefore the case is moot, there is no case or controversy before this court,

and the appellants are merely seeking an advisory opinion concerning their capacity to sue for violations of the Arizona Mobile Home Parks Residential Landlord and Tenant Act. A.R.S. § 33–1401 *et seq.*

 The court is not empowered to decide moot questions or abstract propositions. Article III of the United States Constitution limits the exercise of judicial power by federal courts to circumstances involving a "case" or "controversy." *North Carolina v. Rice,* 404 U.S. 244, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971). Moot cases do not fit within the constitutional definition of "cases" or "controversies." *Central Soya Co., Inc. v. Consolidated Rail Corp.,* 614 F.2d 684 (7th Cir.1980). A case is moot when it seeks to determine an abstract question which does not arise upon existing facts or rights. *Freeman v. Wintroath Pumps-Division of Worthington Corporation,* 13 Ariz.App. 182, 475 P.2d 274 (1970); *J.R. Francis Construction Company v. Pima County,* 1 Ariz.App. 429, 403 P.2d 934 (1965). *See* 6(A) J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 57. 13 (2d ed. 1981).

The Arizona Supreme Court summarized the law in Arizona concerning mootness in *Fraternal Order of Police v. Phoenix Employee Relations Board,* 133 Ariz. 126, 650 P.2d 428 (1982) as follows:

Unlike the federal court system, the powers of which are limited by U.S. Const. Art. III, § 2, cl. 1, our state court system has no constitutional provision constraining it to consider only "cases" or "controversies." Nevertheless, since the first time we considered the issue, our court has consistently held that it will refrain from considering moot or abstract questions. *See Mesa Mail Publishing Co. v. Board of Supervisors,* 26 Ariz. 521, 227 P. 572 (1924); *Camerena v. Department of Public Welfare,* 106 Ariz. 30, 470 P.2d 111 (1970). We will make an exception, however, to consider a question of great public importance or one which is likely to recur even though the question is presented in a moot case. *Camerena, supra; State v. Superior*

*Court,* 104 Ariz. 440, 454 P.2d 982 (1969); *see Wise v. First National Bank of Nogales,* 49 Ariz. 146, 65 P.2d 1154 (1937). *Id.* at 127, 650 P.2d at 429.

The appellants here ask the court to resolve the abstract question of whether associations of mobile home tenants have standing to sue for themselves and/or for the benefit of their individual members for violations of the Arizona Mobile Home Parks Residential Landlord and Tenant Act. This question does not arise upon existing facts or rights because the substantive questions raised have already been resolved by the stipulation dismissing the suit with prejudice. The case is moot.

In *Webber v. Smith,* 129 Ariz. 495, 632 P.2d 998 (App.1981) the court held that a counterclaim for the value of a motorcycle and truck held by the plaintiff was moot when the defendant had recovered possession of these items from the plaintiff and did not seek damages for loss of use during the period of the time that the items were held. In *State Farm Automobile Insurance Company v. Civil Service Employees Insurance Company,* 19 Ariz.App. 594, 509 P.2d 725 (1973) the court concluded that the insurer was not liable for the alleged breach of a settlement obligation. The court held that the question concerning denial of the insurer's third party indemnity claim against another insurance company based on allegedly fraudulent conduct of his counsel was rendered moot. Similarly the case at bar was rendered moot by the stipulation between the parties and the trial court's order pursuant to the stipulation dismissing the case with prejudice.

 A court will not decide a question which is unrelated to an actual controversy or which by a change in a condition of affairs has become moot. *Velasco v. Mallory,* 5 Ariz.App. 406, 427 P.2d 540 (1967); *Magraw v. Donovan,* 177 F.Supp. 803 (D.C. Minn.1959). Appellate courts do not give opinions on moot questions. *Lloyd v. Board of Supervisors of Elections,* 206 Md. 36, 111 A.2d 379 (1954). Nor do they act as a fountain of legal advice. *Allen v.*

230

*Graham,* 8 Ariz.App. 336, 446 P.2d 240 (1968).

■ The present case does not fit within the exception to the mootness rule for an issue "capable of repetition yet evading review." *Board of Examiners v. Marchese,* 49 Ariz. 350, 66 P.2d 1035 (1937); *Odle v. Imperial Ice Cream Co.,* 11 Ariz. App. 203, 463 P.2d 98 (1970). Although the issue involved in the case at bar is capable of repetition it does not evade review. Were it not for the stipulation entered into by the parties the issue raised by the appellants properly could be on review. The stipulation mooted the issue.

Nor does this case fall within another exception to the mootness doctrine for a case which poses a question of "public importance." *Camerena v. Department of Public Welfare,* 106 Ariz. 30, 470 P.2d 111 (1970). We find that the question involved here does not rise to a sufficient level of "public importance" to become an exception to the mootness doctrine.

■ Although the appellees in the current case filed a motion to dismiss the appeal on other grounds which was denied they have not filed a motion to dismiss the appeal on the ground of mootness. However the court has the authority and often the duty to dismiss a moot case on its own initiative. *Magraw v. Donovan; Sannon v. United States,* 631 F.2d 1247 (5th Cir. 1980). Therefore we raise the mootness issue in this case *sua sponte* and dismiss the appeal.

HAIRE, P.J., and BROOKS, J., concur.