NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LOTHAR GOERNITZ, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY
ESTATE OF IN RE: MARK L. MOSS NO. 2:18-BK-06456-PS,[1]
*Plaintiff/Appellee,*

*v.*

MELISSA PAVEY, *Defendant/Appellant.*

No. 1 CA-CV 19-0099
FILED 3-12-2020

Appeal from the Superior Court in Maricopa County
No. CV2017-055069
The Honorable Steven K. Holding, Judge *Pro Tempore* (Retired)

**APPEAL DISMISSED AS MOOT**

COUNSEL

Lane & Nach, P.C., Phoenix
By Michael P. Lane, Stuart B. Rodgers
*Counsel for Plaintiff/Appellee*

Ivan & Associates, P.C., Glendale
By Florin V. Ivan
*Counsel for Defendant/Appellant*

---

[1] Following Mark Moss's bankruptcy, the superior court granted a substitution for Lothar Goernitz, Chapter 7 Trustee, as the real party in interest and amended the caption. Only one of the orders Pavey appeals used the amended caption. In these appellate proceedings, this court uses the amended caption as ordered by the superior court.

**MEMORANDUM DECISION**

Judge David B. Gass delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Maria Elena Cruz joined.

**G A S S**, Judge:

**¶1**        Melissa Pavey (Pavey) appeals the superior court's denial of her motion to set aside a default judgment quieting title to real property in Glendale (the property), and of her motion for a new trial.

**¶2**        Pavey's appeal is dismissed as moot because (1) Pavey transferred any interest she may have had in the property to her son Brandon Pavey (Brandon), (2) Moss's Chapter 7 bankruptcy trustee, Lothar Goernitz (the trustee) obtained clear title to the property from Brandon, and (3) trustee has sold the property at a public sale.[2]

**FACTUAL AND PROCEDURAL HISTORY**

**¶3**        Mark Moss (Moss) filed suit against Pavey seeking to quiet title to the property. Moss also pled claims for unjust enrichment and conversion. Pavey did not file a timely answer to Moss's complaint. After Moss applied for default, Pavey filed an answer within the allotted ten-day period, curing the default. *See* Ariz. R. Civ. P. 55(a)(5).

**¶4**        Moss began discovery, sending his first set of interrogatories and document requests to Pavey. Pavey did not respond. After several failed attempts to communicate with Pavey, Moss filed a motion to compel discovery. Pavey did not respond. The superior court granted Moss's motion and set deadlines for Pavey to respond to Moss's discovery. Pavey did not comply.

**¶5**        Moss then filed a motion to strike Pavey's answer as a discovery sanction. *See* Ariz. R. Civ. P. 37(b)(2). Once again, Pavey did not respond. The superior court struck Pavey's answer. Two weeks later, Moss filed a motion for default judgment. The superior court entered a restraining order enjoining Pavey from transferring, selling, or

---

[2] On February 12, 2020, the trustee filed a motion to dismiss this appeal. Based on this ruling, the trustee's motion and all subsequent briefing are dismissed as moot, including the Motion to Strike filed on February 19, 2020.

encumbering the property. Nonetheless, two days after its issuance, Pavey transferred the property to Brandon. Brandon later filed for Chapter 13 bankruptcy, claiming ownership of the real property. The trustee recovered the real property in Brandon's bankruptcy proceedings.

**¶6** Before the superior court held a hearing or ruled on the default judgment motion, Moss filed for Chapter 7 bankruptcy. The trustee was then substituted as the real party in interest.[3]

**¶7** After several continuances, the superior court held a default judgment hearing. Pavey did not respond to the default notices or attend the hearing. After the hearing, the superior court entered a final judgment against Pavey. The judgment quieted title to the property in favor of trustee but did not address the conversion or unjust enrichment claims.

**¶8** More than ten months after her answer was struck, and two weeks after entry of the default judgment, Pavey filed a motion asking the superior court to vacate the default judgment and order a new trial. The trustee's response included—for the first time—the following information:

> On or about April 6, 2018, two days after the entry of the Restraining Order and despite the clear prohibition by this Court, Melissa Pavey executed a "Warranty Deed" conveying the Real Property to Brandon Pavey, her son, and recorded such deed with the Maricopa County Recorder's Office at 2018-0261076.

The trustee attached a copy of that deed as an exhibit to its response. Pavey never informed the trustee, the superior court, or this court of the property transfer.

**¶9** The superior court summarily denied Pavey's motion. Two weeks later, the superior court issued an order "dismissing all unadjudicated claims in this case, without prejudice, in their entirety." Pavey timely appealed the denial of her motion. This court has jurisdiction over Pavey's appeal pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(1).

---

[3] Before Moss filed for bankruptcy, Bank of America (BOA) intervened based on its interest in certain vehicles owned by Moss. At this point, Pavey engaged in the litigation but only to object to BOA's intervention. BOA is not a party to this appeal.

## ANALYSIS

**¶10** "A question is moot if it seeks to determine an abstract problem which does not arise upon existing facts or rights." *Mueller v. City of Phoenix ex rel. Phoenix Bd. of Adjustment II*, 102 Ariz. 575, 583 (1967). Long standing Arizona Supreme Court precedent directs state courts to "refrain from considering" such questions. *Fraternal Order of Police Lodge 2 v. Phoenix Emp. Relations Bd.*, 133 Ariz. 126, 127 (1982). Accordingly, this court "will [generally] dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties." *Cardoso v. Soldo*, 230 Ariz. 614, 617, ¶ 5 (App. 2012).

**¶11** The deed transferring Pavey's putative rights in the property to Brandon is part of the record—the trustee attached it in response to Pavey's motion. In August 2019, the bankruptcy court entered an order quieting title against Brandon, declaring the trustee to be the true owner of the property. On January 10, 2020, trustee sold the property to a third-party.

**¶12** Pavey does not challenge any of these facts. Indeed, her opening brief did not even identify this highly pertinent transfer.[4] Instead, Pavey asks this court to disregard her transfer of title, and the trustee's arguments on the issue, as "not properly part of the record on appeal." To be sure, the two bankruptcy proceedings and the trustee's deeds are not a part of the record before this court. The relevant documents, however, are readily and publicly available in the records of the Maricopa County Recorder and the Bankruptcy Court. Accordingly, this court can, and does, take judicial notice of them. Ariz. R. Evid. 201. *See also In re Sabino R.*, 198 Ariz. 424, 425, ¶ 4 (App. 2000).

## CONCLUSION

**¶13** As a result of Pavey's transfer of the property to Brandon, the trustee has already obtained the relief it sought here—a final declaration of its ownership of the property—just in a separate forum. Even if this case is

---

[4] This lack of candor to the tribunal raises concerns as to compliance with several rules of professional conduct by counsel for Pavey. *See, e.g.*, Ariz. R. Sup. Ct. 42, ER 3.3. Pavey's transfer of the property to Brandon was a blatant violation of the superior court's restraining order. Further, the filing of this frivolous appeal has wasted the time of this court, implicating Ethical Rule 8.4 (c) and (d). *See also* Ariz. R. Sup. Ct. 41(c). As such, we refer this matter to the State Bar of Arizona for further investigation and proceedings as appropriate.

remanded and a new trial granted, Pavey could only seek to validate the ownership rights she transferred to Brandon. Brandon, in turn, lost the property to the trustee in his own separate bankruptcy proceedings.

**¶14**          The trustee did not appeal the superior court's dismissal of its conversion and unjust enrichment claims, and no party asked the superior court or this court for attorney fees or costs. Though this court does have discretion to consider moot appeals if they present an issue of great public importance or an issue capable of repetition but evading review, these exceptions are not present here. *See, e.g.*, *Big D Constr. Corp. v. Court of Appeals*, 163 Ariz. 560, 563 (1990); *Phoenix Newspapers, Inc. v. Molera*, 200 Ariz. 457, 460, ¶ 12 (App. 2001). Accordingly, Pavey's appeal is dismissed as moot.



AMY M. WOOD • Clerk of the Court
FILED:  AA