NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

VIVIAN M., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, M.D., *Appellee.*

No. 1 CA-JV 21-0216
FILED 1-25-2022

Appeal from the Superior Court in Maricopa County
No. JD39599
The Honorable Julie Ann Mata, Judge

**DISMISSED**

COUNSEL

Maricopa County Public Defender's Office, Mesa
By Suzanne W. Sanchez
*Counsel for Appellant*

Arizona Attorney General's Office, Mesa
By Tom Jose
*Counsel for Appellee, Department of Child Safety*

―――――――――――――

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

―――――――――――――

**C A M P B E L L**, Judge:

¶1        Vivian M. (Mother) appeals from an order terminating her parental rights to her daughter, Olivia[1]. Mother raises a single issue on appeal—she argues the juvenile court's findings were inadequate. We remanded the case to allow the juvenile court to make additional findings, which have now become part of the appellate record. Following the court's supplementation, Mother declined to file a supplemental brief. Because the sufficiency of the original findings is now a moot issue, we dismiss Mother's appeal.

### BACKGROUND

¶2        Mother gave birth to Olivia in June 2020. At the time of birth, Mother tested positive for fentanyl and methamphetamines, and drug tests showed Olivia had been exposed to these substances as well as several other drugs. Within a month, the Department of Child Safety (DCS) took Olivia into care, and, a few months later, the juvenile court found Olivia dependent regarding Mother. Mother failed to participate in services and regular visitation, visiting Olivia seven times in 2020 and not at all in 2021. In February 2021, DCS petitioned to terminate Mother's rights to Olivia on the grounds of abandonment, prolonged substance abuse, and six-months' out-of-home placement. *See* A.R.S. § 8-533(B)(1), (3), (8)(b).

¶3        When Mother failed to appear at a status conference in June 2021, the court proceeded with a termination hearing in-absentia. The court found Mother lacked good cause for failing to appear and had thereby waived her rights and admitted the allegations in DCS's petition. In a written order, the court terminated Mother's rights to Olivia, finding that DCS had proven all three termination grounds by clear and convincing evidence and that termination was in Olivia's best interests. Other than finding that DCS had made diligent efforts to provide reunification

―――――――――――――

[1] We use a pseudonym to protect the child's privacy.

services, the order made only the following additional findings as to the grounds for termination:

> A basis for termination exists pursuant [to] A.R.S. § 8-533, as set out more fully in [DCS's petition for termination]:
>
> A.    As to . . . [Mother]: chronic ongoing substance abuse, specifically methamphetamine and amphetamine, noting that the child's meconium tested positive for many substances, including: fentanyl; methadone; tramadol; amphetamine; methamphetamine; and alprazolam.
>
> B.    As to . . . [M]other: abandonment.
>
> C.    As to . . . [M]other: six months' time-in-care.

**¶4**        Mother timely appealed from the termination order, contending the juvenile court's findings were inadequate on all three grounds for termination. *See Ruben M. v. Ariz. Dep't of Econ. Sec.*, 230 Ariz. 236, 240, ¶¶ 21–22 (App. 2012) (citing A.R.S. § 8-538(A) and Ariz. R.P. Juv. Ct. 66(F)(2)(a)) (explaining that before terminating parental rights, court must make, in writing, conclusions of law and "at least one factual finding sufficient to support each of those conclusions of law").

**¶5**        After Mother filed her opening brief, we granted DCS's request to stay the appeal and remand so the juvenile court could make additional findings. Thereafter, the juvenile court issued a ruling containing supplemental findings. After we lifted the stay, Mother gave notice that she did not intend to file a supplemental brief, explaining she was "unable to find any additional non-frivolous issues to present" on appeal. DCS then gave notice that it would not file an answering brief, arguing Mother's appeal is moot.

## DISCUSSION

**¶6**        In light of the procedural history, we must decide if Mother's appeal is moot, and if so, whether we should address it. An appeal is moot when, "as a result of a change of circumstances before the appellate decision, action by the reviewing court would have no effect on the parties." *Vinson v. Marton & Assocs.*, 159 Ariz. 1, 4 (App. 1988). Generally, we refrain from deciding moot issues, except issues that are of "great public importance" or "likely to recur." *Fraternal Order of Police Lodge 2 v. Phoenix Emp. Relations Bd.*, 133 Ariz. 126, 127 (1982).

**¶7**         Here, Mother's appeal challenges only the sufficiency of the juvenile court's original findings.[2] A decision on that issue would not affect the parties because the court has now made additional findings to support the termination order which address Mother's challenge on appeal. Thus, the issue is moot. There is no compelling reason to address the issue because the issue of what findings are required for termination is adequately addressed by previous cases. *See Ruben M.*, 230 Ariz. at 237, ¶ 1 (holding court's findings and conclusions of law must be sufficiently specific to enable effective appellate review); *see also Logan B. v. Dep't of Child Safety*, 244 Ariz. 532, 535, 537, ¶¶ 1, 15 (App. 2018) (holding court must make written factual findings on all "ultimate facts"). Thus, in the exercise of our discretion, we decline to decide whether the court's original findings were sufficient.

## CONCLUSION

**¶8**         For the reasons above, we dismiss Mother's appeal as moot.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] Mother does not challenge, and the parties have not addressed, the sufficiency of the court's supplemental findings. Thus, we need not address that issue. We note that the supplemental findings include factual findings for each element of all three grounds for termination and that the record reasonably supports those findings.