IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

ARIZONA ALLIANCE FOR RETIRED AMERICANS, INC.,
AND STEPHANI STEPHENSON,
*Plaintiffs/Appellees*,

*v.*

TOM CROSBY, ANN ENGLISH, AND PEGGY JUDD, IN THEIR OFFICIAL CAPACITIES
AS THE COCHISE COUNTY BOARD OF SUPERVISORS; AND DAVID STEVENS, IN HIS
OFFICIAL CAPACITY AS THE COCHISE COUNTY RECORDER,
*Defendants/Appellants*.

No. 2 CA-CV 2022-0136
Filed October 18, 2023

---

Appeal from the Superior Court in Cochise County
No. CV202200518
The Honorable Casey F. McGinley, Judge

**AFFIRMED**

---

COUNSEL

Herrera Arellano LLP, Phoenix
By Roy Herrera, Daniel A. Arellano, and Jillian L. Andrews

and

Elias Law Group LLP, Washington, D.C.
By Aria C. Branch, Lalitha D. Madduri, Christina Ford, Mollie DiBrell, and
Daniel Cohen
*Counsel for Plaintiffs/Appellees*

Sherman & Howard L.L.C., Phoenix
By Craig A. Morgan, Shayna Stuart, and Jake T. Rapp
*Counsel for Amicus Curiae Arizona Secretary of State Adrian Fontes*

Davillier Law Group LLC, Phoenix
By Alexander Kolodin and Veronica Lucero
*Counsel for Defendant/Appellant David Stevens*

Blehm Law PLLC, Scottsdale
By Bryan James Blehm
*Counsel for Defendants/Appellants Cochise County Board of Supervisors Tom Crosby, Ann English, and Peggy Judd*

---

**OPINION**

---

Judge Kelly authored the opinion of the Court, in which Presiding Judge Brearcliffe and Judge Eckerstrom concurred.

---

K E L L Y, Judge:

**¶1**　　　Cochise County Board of Supervisors members Tom Crosby, Ann English, and Peggy Judd, and Cochise County Recorder David Stevens ("the County") appeal from the trial court's injunction barring an initial hand-count audit of all election-day ("precinct") and early ballots in Cochise County for the 2022 General Election.  For the reasons that follow, we affirm.

### Factual and Procedural Background

**¶2**　　　On October 24, 2022, the Cochise County Board of Supervisors ("the Board") adopted a resolution requiring the County Recorder ("the Recorder") to conduct "a hand-count audit of all county precincts for the 202[2] general election."  On October 31, the Arizona Alliance for Retired Americans, Inc. and Stephani Stephenson ("the AARA") filed a Petition for Writ of Mandamus, or in the Alternative Motion for Preliminary Injunction.  The AARA asked the Cochise County Superior Court to (1) order the County to conduct hand-count audits of early ballots only in accordance with A.R.S. § 16-602 and the Arizona Secretary of State 2019 Elections Procedures Manual (EPM), which the parties agree is the current edition, and (2) preclude the County from conducting a hand-count audit of all early ballots.  The court set an evidentiary hearing on the petition for November 4.

¶3 At the hearing, the Recorder answered, "[c]orrect," when asked whether he intended to conduct a hand-count audit on "every ballot, early or otherwise." On November 7, the trial court granted the AARA's petition, concluding that the Board had acted unlawfully by "ordering a full hand count" audit of both precinct ballots and early ballots. The court subsequently granted the AARA's request for attorney fees. The County timely appealed and we have jurisdiction to address the November 7 injunction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101(A)(5)(b).[1]

## Discussion

¶4 The County challenges the trial court's judgment, reasserting on appeal that an initial hand-count audit of all votes cast in Cochise County is permissible under § 16-602 and the EPM. "We review issues construing statutes and rules de novo." *Ariz. Pub. Integrity All. v. Fontes*, 250 Ariz. 58, ¶ 8 (2020).

### Mootness

¶5 The AARA asserts that the County's appeal is moot because the County's resolution was directed at the now-concluded 2022 General Election. However, we may consider a moot question where the issue is one "capable of repetition yet evading review." *Phx. Newspapers, Inc. v. Molera*, 200 Ariz. 457, ¶ 12 (App. 2001). This exception to the mootness doctrine typically applies where "time constraints" prevent an appellate court from deciding an issue that may recur. *Cardoso v. Soldo*, 230 Ariz. 614, ¶ 7 (App. 2012). Our supreme court has applied this exception where an election's occurrence initially rendered the issues moot, but the same issues were likely to recur in a future election. *See Fraternal Ord. of Police Lodge 2 v. Phx. Emp. Rels. Bd.*, 133 Ariz. 126, 126-27 (1982). Because the County has indicated that it intends to conduct "full" hand-count audits in future elections, this case presents the precise concerns that this exception was

---

[1]The County also seeks reversal of the trial court's order awarding attorney fees to the AARA. However, because that award was entered after the County's notice of appeal had been filed, did not contain the requisite finality language, *see* Ariz. R. Civ. P. 54(c), and was not separately appealed, we lack jurisdiction to consider the County's challenge to that award, *see Craig v. Craig*, 227 Ariz. 105, ¶ 13 (2011) (subject to an exception inapplicable here, "notice of appeal filed in the absence of a final judgment . . . is 'ineffective' and a nullity" (quoting *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, ¶ 39 (2006))).

intended to address. *Phx. Newspapers, Inc.*, 200 Ariz. 457, ¶ 12. Therefore, we will decide this appeal on the merits.

**Hand Count of Precinct Ballots**

¶6 We first examine whether the County has the discretion to perform a hand-count audit of all precinct ballots in the first instance, which requires us to interpret § 16-602. The goal of statutory interpretation is "to effectuate the legislature's intent." *SolarCity Corp. v. Ariz. Dep't of Revenue*, 243 Ariz. 477, ¶ 8 (2018). The best evidence of that intent is the statute's plain language. *Id.* Furthermore, this court will "avoid an interpretation that makes 'any language superfluous or redundant.'" *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 33 (App. 2008) (quoting *Thomas & King, Inc. v. City of Phoenix*, 208 Ariz. 203, ¶ 9 (App. 2004)).

¶7 Although a full hand-count audit of electronically tabulated precinct ballots is ultimately provided for in § 16-602, the statute also prescribes specific criteria that must be satisfied first. An initial hand-count audit will include "[a]t least two percent of the precincts in that county, or two precincts, whichever is greater," which "shall be selected at random from a pool consisting of every precinct in that county." § 16-602(B)(1). If this initial hand audit results in a vote difference in any race that is less than "the designated margin" of error[2] compared to the electronically tabulated ballot count, the hand audit ends and the electronic tabulation results constitute the official count for that race. § 16-602(C). However, if the hand audit for any race results in a vote difference "equal to or greater than the designated margin," a second hand count of the same ballots will be performed. *Id.* If that second hand count also results in a difference in any race equal to or exceeding the designated margin, the hand count shall be expanded to include "a total of twice the original number of randomly selected precincts." *Id.* It is only thereafter, if the vote difference from the expanded count in any race is equal to or exceeds the designated margin, that "the final hand count shall be extended to include the entire jurisdiction for that race." § 16-602(D).

¶8 The County argues that because § 16-602(B)(1) states that an initial hand-count audit must include "*[a]t least* two percent of the precincts

_____

[2] The "designated margin" of error is a publicly available figure established by the "vote count verification committee" at least ten days before each primary and each general election and may be revised every two years. A.R.S. § 16-602(K)(4).

in that county, or two precincts, *whichever is greater*," the statute's plain language gives the County discretion to audit a larger number of precincts—up to and including the entire jurisdiction—in the first instance (second emphasis added). The AARA disagrees, and during oral argument maintained that § 16-602(B)(1)'s "at least two percent" language merely provides for a circumstance in which two percent of a county's precincts is more than two precincts, but less than a whole number of precincts. For example, the AARA argues, a county with 175 precincts would be required, in an initial hand audit, to count two percent or two precincts, whichever is greater. *See* § 16-602(B)(1). Two percent of 175 precincts is 3.5 precincts. Because 3.5 is the greater number, but half a precinct cannot be audited in accordance with statutory procedures, the county would be required to hand-audit four precincts (2.29%) to comply with the "at least two percent" requirement, as three precincts would only equate to 1.71% of the total. The AARA's interpretation is correct.

¶9        When § 16-602(B)-(E) is viewed as a whole, a complete hand-count audit is permitted only after a multi-step process that includes conducting the preliminary and expanded audits described in § 16-602(C)-(D). Interpreting § 16-602(B)-(E) to allow a county to begin with a full hand-count audit of all precincts would render the statute's multi-step process superfluous. We will not interpret a statute in a manner that renders a provision superfluous. *See Clear Channel Outdoor, Inc.*, 218 Ariz. 172, ¶ 33. Accordingly, the trial court correctly determined that the County is not authorized under Title 16 to conduct a hand-count audit of all precinct ballots in the first instance.

¶10       The County additionally asserts, for the first time on appeal, that Title 11 (specifically A.R.S. § 11-251(3)) grants it "broad authority and discretion" in election matters, to include conducting an initial hand-count audit of every ballot cast, notwithstanding the language of § 16-602.[3] Generally, arguments raised for the first time on appeal are waived. *Torres v. Jai Dining Servs. (Phx.), Inc.*, 253 Ariz. 66, ¶ 12 (App. 2022). However, we may exercise discretion where, as here, consideration of an issue better serves the public. *Id.* ¶ 13.

---

[3]Section 11-251(3) provides that "The board of supervisors, under such limitation and restrictions as are prescribed by law, may . . . [e]stablish, abolish and change election precincts, appoint inspectors and judges of elections, canvass election returns, declare the result and issue certificates thereof."

¶11        The County provided no legal authority for this position in its briefing, but at oral argument cited *McDonald v. Cochise County*, 37 Ariz. 90 (1930) for support. In *McDonald*, our supreme court held that in the absence of statutory guidance, a county board of supervisors acting under a legislative grant of authority may prescribe certain election procedures. 37 Ariz. at 101. However, and in contrast to *McDonald*, statutory authority under Title 16 establishes detailed procedures for conducting hand audits of electronically tabulated ballots. Because there is not an absence of statutory guidance here, but rather a detailed legislative scheme, neither Title 11 nor *McDonald* supports the County's position.

**Hand Count of Early Ballots**

¶12        The County also challenges the trial court's injunction preventing it from conducting an initial hand-count audit of all early ballots for the 2022 General Election. The County argues that both Title 16 and the EPM grant it the discretion to hand count all early ballots in the first instance.

¶13        Early ballots, unlike election-day ballots, are not voted by precinct but rather are centrally collected and may be dropped off by a voter or the voter's agent at any precinct location. A.R.S. § 16-548(A); 2019 EPM at 195. Consequently, § 16-602(B)(1) specifies that early ballots shall not be subjected to the same hand-count procedure as precinct ballots and "shall be grouped separately by the officer in charge of elections for purposes of a separate manual audit pursuant to subsection F of this section."

¶14        Section 16-602(F) states that auditors "shall randomly select one or more batches of early ballots" counted by each tabulation machine and sequester them. The auditors "shall randomly select" from these ballots "a number equal to one percent of the total number of early ballots cast or five thousand early ballots, whichever is less," to conduct a hand-count audit. *Id.* If the results of that manual audit equal or exceed a designated margin of error compared to the electronic tabulation results, the audit will be repeated. And, if the second manual audit also equals or exceeds the designated margin in any race, it "shall be expanded only for that race to a number of additional early ballots equal to one percent of the total early ballots cast or an additional five thousand ballots, whichever is less, to be randomly selected from the batch or batches of sequestered early ballots." *Id.* If that expanded audit results in a difference equal to or greater than the designated margin in any race, "the manual counts shall be repeated for that race until a manual count results in a difference in that race that is less than the designated margin." *Id.* "If at any point in the

manual audit of early ballots the difference between any manual count . . . is less than the designated margin when compared to the electronic tabulation," the electronic tabulation results "shall be included in the canvass and no further manual audit of the early ballots shall be conducted." *Id.*

¶15 Notwithstanding the procedures prescribed by Title 16, the County asserts that the EPM also grants it the discretion to hand count all early ballots in the first instance. The AARA contends that, to the extent the EPM does grant such discretion, it directly contradicts Title 16's express procedures and is therefore unenforceable. The AARA is correct.

¶16 Section 16-452(A), A.R.S., requires the Secretary of State to "prescribe rules" related to "collecting, counting, tabulating and storing ballots" after "consultation with each county board of supervisors or other officer in charge of elections." The Secretary must assemble the rules "in an official instructions and procedures manual" called the Elections Procedures Manual. *Ariz. Pub. Integrity All.*, 250 Ariz. 58, ¶ 16 (quoting § 16-452(B)); *see* Arizona Secretary of State, 2019 Elections Procedures Manual. "Once adopted, the EPM has the force of law; any violation of an EPM rule is punishable as a class two misdemeanor." *Ariz. Pub. Integrity All.*, 250 Ariz. 58, ¶ 16.

¶17 Consistent with § 16-602(F), the EPM directs that "[t]he officer in charge of elections is required to conduct a hand count of 1% of the total number of early ballots cast, or 5,000 early ballots, whichever is less." 2019 EPM at 215. But it goes on to say that "Counties *may elect to audit a higher number of ballots* at their discretion." *Id.* (emphasis added). This latter grant of discretion on which the County relies is not provided for in Title 16. Although we must "construe seemingly conflicting statutes in harmony when possible," *Johnson v. Mohave County*, 206 Ariz. 330, ¶ 11 (App. 2003), the plain language of § 16-602(F) establishes with precision the number of early ballots that must be hand audited in the first instance ("a number equal to one percent of the total number of early ballots cast or five thousand early ballots, whichever is less"). It gives auditors no discretion to begin the hand audit with any number of ballots greater than five thousand, and no authority to either deviate from the gradual increase in the hand-count number or continue counting once any audit falls within the designated margin.

¶18 Although the EPM must be "approved by the governor and the attorney general" before release, § 16-452(B), an EPM regulation that either exceeds its statutory authority or contradicts statutory requirements

"does not have the force of law." *Leibsohn v. Hobbs*, 254 Ariz. 1, ¶ 22 (2022); *see also Leach v. Hobbs*, 250 Ariz. 572, ¶ 21 (2021). Because the EPM provision relied on by the County here directly conflicts with the express and mandatory procedures of A.R.S. § 16-602(F), it exceeds the scope of its statutory authorization, and is therefore void. *See Leach*, 250 Ariz. 572, ¶ 21. Accordingly, the EPM did not authorize the County to begin its hand-count audit of early ballots for the 2022 election by counting every ballot in the first instance.

¶19      Arizona's constitution provides our legislature with the principal obligation and responsibility to safeguard Arizona's elections by enacting laws to govern election procedures. *See* Ariz. Const. art. VII, § 12 ("There shall be enacted registration and other laws to secure the purity of elections and guard against abuses of the elective franchise."). The legislature exercised this power by devising a precise system for the hand auditing of electronic voting results in Title 16. Accordingly, the County was required to follow the procedures mandated by the plain language of § 16-602, which creates a gradual, multi-step process that must be satisfied before a jurisdiction-wide hand-count audit of all precinct or early ballots may occur. *See* A.R.S. § 16-444(B) (providing, "[t]he provisions of all state laws relating to elections . . . apply to all elections where electronic tabulating devices are used"). Because the legislature provided for a detailed method to verify the results from electronically tabulated voting machines, counties must follow that method unless and until the legislature determines otherwise. Accordingly, the County did not have independent authority to conduct a hand-count audit of all precinct or early ballots in the first instance for the 2022 election.

## Attorney Fees and Costs on Appeal

¶20      The AARA requests attorney fees and costs pursuant to Rule 21, A.R.S. §§ 12-341, 12-348, 12-1840, 12-2030, and *Ansley v. Banner Health Network*, 248 Ariz. 143, ¶¶ 38-39 (2020) (describing "the private attorney general doctrine"), but provides no further explanation supporting its entitlement to attorney fees. In our discretion, we deny the AARA's request for attorney fees, but, as the prevailing party, the AARA is entitled to its costs upon compliance with Rule 21, Ariz. R. Civ. App. P. *See Planned Parenthood Ariz., Inc. v. Brnovich*, 254 Ariz. 401, ¶ 25 (App. 2022); § 12-341.

## Disposition

¶21      For the foregoing reasons, we affirm the trial court's order.